Church, Ch. J.
 

 The transfer of the interest of Mary Hegeman in the schooner, for the purpose of securing the loan by defendant to West
 
 &
 
 Walker, more nearly resembled in legal effect a pledge than a mortgage. (4 Den., 227.) Although the transfer was absolute, it was competent to prove it was intended as a security. (2 Comst., 443.) The referee has found that the transfer was intended to operate as a mortgage. If this finding is to be construed literally, and the transaction was a mortgage, then it is urged that, upon forfeiture, the title vested absolutely in the defendant, and an action at law would not lie for the conversion. This proposition is correct, but is not available in this case for the reason that after the alleged forfeiture the defendant received payment for his debt, as the referee has substantially found. This was a waiver of the forfeiture, and the defendant’s title was extinguished. (3 Den., 33.) But a forfeiture can scarcely be claimed. .No time of payment was fixed, and when the defendant demanded payment an arrangement was made by which the defendant was to take possession of, and sell certain property of West & Walker and apply it upon the debt, from which business and the dividends received from the schooner the defendant received the whole amount of his demand against them. This is the result of the findings; and, taking them as true, there was no forfeiture by a failure to pay, and at the time he sold the schooner he had no claim upon it. Even in case of forfeiture, the mortgagor has an equity of redemption; and this action was tried as an action for an accounting between West & Walker and the defendant, and if any injustice was done the defendant it was in adjusting those accounts; but it involved questions of fact only, which this court cannot review. It is proper, however, to say, after a careful examination of all the evidence, that
 
 *426
 
 if the referee committed any error in this respect it is not apparent. The result of the findings is, that, at the time of the sale of the schooner, West & Walker owed nothing to the defendant. The plaintiff’s testatrix owned the interest in the vessel, it having been borrowed for the purpose of being turned out to defendant as security, and the defendant having sold it she brought the action and recovered what he received for it. The lapse of time did not bar a recovery, and its significance in other respects was for the consideration of the referee. The judgment must be affirmed.
 

 All concur.
 

 Judgment affirmed.