Peckham, J.
By the terms of the mortgage it became due on demand; and a demand was made of payment fourteen days before it was filed, viz., June 15, 1850. A demand was again made in the month of April, 1851. It was provided that the mortgagor should remain in possession of the property mortgaged until default in payment.
The mortgage was not renewed by refiling within the year. It was refiled some days after the year from its original filing expired. After the year expired, and before the mortgage was refiled, the mortgaged property was seized and sold under an execution against the mortgagor.
After the mortgage was refiled the same property was seized and sold by defendant under the mortgage. For that seizure this action is brought.
The question, then, arises, was it necessary to refile the *188 mortgage, after default in payment had occurred, to uphold the mortgagee’s title as against judgment creditors %
Conceding the general rule, that, after a default in the condition of the mortgage, the mortgagor has no interest in the property mortgaged subject to be seized upon execution, and that this is so, even though the mortgagor still retains possession of the property, it is equally clear that the mortgagor has some interest in the property after forfeiture of the condition. He has, confessedly, the right of redemption until such right is foreclosed. (Farmers’ Bank v. Cowan, 2 Keyes, 218; West v. Crary, 47 N. Y., 423.)
It is said that, after forfeiture, the mortgagee is not bound to receive the money, but that the mortgagor must resort to equity for relief. This relief, according to well settled rules, however, he is. entitled to; so that, if the mortgagee refuse the money, he can be compelled, by suit, to accept it and restore the property.
If he can be thus compelled, it can scarcely be said that he is not bound to accept the money after forfeiture.
The mortgage, then, is not dead by the forfeiture of the condition.
The statute is express that the “ mortgage shall cease to be valid ” at the expiration of one year from its filing, “ as against the creditors” of the mortgagor, if not refiled as directed. (Laws of 1833, p. 403, § 3.)
The mortgage thus and thereby, as against such creditors, becomes absolutely void. (Ely v. Carnley, 19 N. Y., 496.)
This, be it observed, is while the property remains in the possession of the mortgagor, and nothing has occurred to change the relations of the parties except the forfeiture.
The same reason then remains for refiling that existed before the forfeiture. The mortgagor is, to the public, the apparent owner. The statute requires a statement to be filed, to show the true interest of the parties, for the protection of the public. Whatever its purpose, it is enough that the" statute so declares. It shall “ cease to be valid ” if not refiled.
Any other construction would nullify the statute. If *189 payable one day after date, and that day expires before any levy upon the property, the mortgage need never he filed by defendant’s rule, and thus the statute would he avoided. In fact, in this case the demand of payment was made fourteen days before the mortgage was filed, yet the mortgagee filed it as a valid mortgage after the default. The defendant’s counsel concedes that it was necessary to file it to comply with the statute. The same reason requires its refiling. The claim of defendant to this property is founded entirely upon the mortgage. In a certain event (its non-refiling) its lien ceases as against creditors; as to them it is no mortgage. It is not in existence, and of course it is no defence.
This question has never been decided in this court. But the dieta of judges of this court have accorded with this view, and other courts have differed with each other.
If the possession had been changed, if the mortgagee had taken actual and continued possession, then there would be no occasion for refiling thereafter, as the purpose of the statute was already accomplished.
When was the possession changed ? Did the mortgagee take actual possession of the property before the levy ? The referee finds no delivery to him; he finds no change of possession. He finds that it was agreed between the parties to the mortgage, on an occasion when a demand was made for payment and for the property, that Bathbun, a partner of the mortgagor in a hotel, and in the use of this property, should be and remain in possession of said property for the defendant; defendant stating on that occasion that he would not trust the mortgagor with the property. But he finds that they continued as partners in said hotel, and in the actual use of said property therein, till after said seizure and sale by the creditor. There was no actual change of possession. It continued in fact precisely the same as before. Saying there was a change, when in fact there was none, made none in law as to this statute. (Bullis v. Montgomery, decided at this term,.not yet reported.)*
*190 Then did the creditor acquire any title to the property by 'this sale on the execution? No question is here made as to the regularity of the sale.
But it is insisted that the creditor must be held to have purchased subject to the mortgage. The sheriff did not in fact sell subject to the mortgage. He sold all the right, title and interest of the defendant in the execution (the mortgagor) in the property. He did not in form sell .the property itself; but he did in fact. A sale of all the right and interest was a sale of all that was vendible on.execution against that defendant. If the defendant in the execution had no interest in the property liable to be sold on execution, then the sheriff, by this sale of all his interest, was a trespasser, and liable to an action by the owner. In this case, contrary to the general rule, the sale gave to the creditor a better title than the defendant had; because, as to the creditor, the mortgage was no lien. This was the necessary effect of the statute. The purchaser at an ordinary sale on execution has all the rights of the creditor as to remedies. (Sands v. Hildreth, 14 J. R., 493; id., 2 J. C. R., 36.)
A sale by the sheriff of the entire property without mentioning any mortgage conveys a title subject to a mortgage, if the mortgage be a valid lien (Manning v. Monoghan, 28 N. Y., 585), and the sheriff is not a trespasser by such sale in general terms, though the property be subject to an incumbrance. But when the property is' sold subject to the incumbrance, of course the purchaser cannot contest or deny the validity of the incumbrance. (Horton v. Davis, 26 N. Y., 497.)
It is clear in this case that the sheriff did not sell subject to this mortgaged
A different result, I apprehend, would have worked better justice in this case. But the defendant seems to have recognized its legality, and can only charge his misfortune to his *191 own laches. The order appealed from should be reversed, and judgment on report of referee affirmed.
All concur except Rapadlo, J., not voting; Allen, J., not sitting.
Order reversed and judgment accordingly.

50 N. Y., 352.