Landon, J.
The main question litigated upon the trial was whether the amount secured by the chattel mortgage held by the defendant upon the cows taken by him from the plaintiff had been paid, at the time defendant seized the cows. There were open mutual accounts between plaintiff and defendant which the referee was obliged to adjust. He did this by stating the aggregates of the items allowed each party, and from them be found the balance to be in the defendant’s favor.
These items are numerous; the referee was not requested to pass upon them separately, and with the single exception of the item of the proceeds of the butter sold by Van Dyke, the case does not disclose which of the disputed items upon the respective sides the referee allowed or disallowed.
The plaintiff in challenging the results is not able to inform us how the items which he thinks should have been .allowed or disallowed were actually passed upon by the referee. We cannot, therefore, ascertain whether any error was committed in this respect.
We think the referee was right in refusing to charge the defendant with the proceeds of plaintiff’s share of the butter in the hands of Van Dyke. The defendant had not appropriated those proceeds; his claim to obtain and apply them was denied by the plaintiff, and was not in fact effectuated by the defendant.
*120 The balance found due the defendant at the time he seized the cows was $39.36. The costs and expenses of the sale, and of keeping the cows until the sale, were not round. The three cows were sold at public auction, but in what order they were sold does not appear. One was sold for thirty-nine dollars, one for twenty-six dollars, and one for nineteen dollars.
As the plaintiff was in default at the time defendant took the cows, the "taking was lawful. If the sale of two cows satisfied the mortgage debt, with interest and expenses, then defendant’s title was extinguished as to the third cow, and defendant became a trespasser by its sale. Charter v. Stevens, 3 Den., 33; West v. Crary, 47 N. Y., 423; Bragelman v. Daue, 69 id., 69.
The two cheaper cows brought forty-five dollars, or $5.64 more than the actual sum due upon the mortgage. By the terms of the mortgage the defendant, in addition to the mortgage debt, was entitled to sell for enough to pay “all the expenses and charges, ” The case contains no account of these. The plaintiff alleges error. He should make it appear that by the sale of the first two cows the mortgage debt and the expenses and charges were satisfied. It does-not so appear, and we must therefore affirm the judgment-judgment affirmed, with costs.
Learned, P. J., and Bockes, J., concur.