WATERMAN *et al. v.* SHIPMAN *et al.*

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

TRADE-MARK—INFRINGEMENT—NAME OF PATENTED ARTICLE.
One having the right to manufacture a patented article may use the patent name of the article without being technically liable to an action for infringement of the rights of another manufacturer of the same article under the same patent.

Appeal from special term, Kings county.

Action by Lewis E. Waterman and L. E. Waterman Company, against Edward L. Shipman and James D. Shipman, to enjoin defendants from a continuing infringement of the plaintiffs' trade-mark, and for an account of profits and damages for past infringement. The court directed judgment in favor of defendants. Plaintiffs appeal.

Argued before BARNARD, P. J., and DYKMAN, J.

*Deming & Logan,* for appellants. *Briesen, Steele & Knauth,* for respondents.

BARNARD, P. J. This action is brought to protect the use of a trade-mark adopted by plaintiff, L. E. Waterman, who is a manufacturer and seller of a fountain pen. The trade-mark consists of the words "Waterman's Ideal Fountain Pen," stamped upon the pen. The Waterman Company have a right to sell pens of the L. E. Waterman manufacture. The defendants have both manufactured and sold a pen similar in general respects to the one manufactured and sold by Waterman and. the Waterman Company, and have stamped upon the article the same words or device as that used by the plaintiff. The case would be a plain one but for the facts: (1) The pen is a patented article, and under the name of "Waterman's Ideal Fountain Pen." (2) L. E. Waterman was the patentee, and he transferred the patent to his wife. She, while she was the owner, on the 20th of November, 1884, gave her husband the exclusive right to manufacture under the patent, and, on the 25th of November, 1885, she, with her husband, borrowed money of Asa Shipman on a pledge of the patents, subject to the license to manufacture. This license required a royalty for every pen manufactured, to be paid the owners of the patent, and monthly returns by the licensees to the owner; and, for neglect to return or make payment within 90 days thereafter, the owner has the right to cancel the license by notice. The note given by Mrs. Waterman and her husband was not paid. The owner commenced suit upon it, obtained judgment, and got a receiver of the property of the debtors. There was a default in making returns, and a default in payment; and Asa Shipman gave notice to Waterman to terminate the license to manufacture them, and then conveyed the right to manufacture, as owner of the patent, to the defendants, as licensees under him.

These facts show that the plaintiffs manufacture a protected article under the patent name, and any one who has a right to manufacture the patented article may use the patent name of the article without being technically liable to an action for infringement of the rights of another manufacturer of the same article under the same patent. *Selchow* v. *Baker,* 93 N. Y. 59. The default in payment made the arrangement absolute in Shipman, and, unless he receives the money on the loan subsequently, the title continues absolute, except by a bill to redeem. *West* v. *Crary,* 47 N. Y. 423. This court would have no jurisdiction of an action for an infringement of a patent, but the title to the right could be determined in a state court. The defendants are not therefore liable for a violation of the plaintiff's right in respect to the trade-mark, and the judgment should be affirmed, with costs.