The question in this case is, whether Mason's title to the property, by virtue of the mortgage, was valid against the plaintiff's execution, after the lapse of a year from the filing of the copy in September, 1850. To determine this, the first inquiry is whether the paper filed as a copy, on the 30th of August, 1851, was a true copy within the meaning of the 3d section of chapter 279, of Laws of 1833. The mortgage was given to secure the sum of $546.19, and the paper filed was a correct copy, except in stating the amount as larger by $100. The statute declares that all conveyances of goods and chattels intended to operate as mortgages, not accompanied by an immediate delivery and followed by an actual and continued change of possession, shall be void as against the creditors of the persons giving the same, unless the *Page 498 
paper, or true copies thereof, shall be filed as required by the act. The object of the act was to enable creditors and others to ascertain whether personal property was owned by the possessor, and the extent of his interest in it. This was deemed necessary for the protection of creditors. It is important to creditors to know the amount of liens as well as their existence. Hence the act requires the filing of the instrument or of a true copy. A compliance with the act will give the creditor full information as to the property mortgaged, the amount of the debt or condition of the mortgage, and to what extent the property can be made available for the payment of his debt. When the paper filed fails to accomplish these purposes, it falls short of the requirement of the statute. In this case the paper filed did not show the amount of the debt. The referee therefore correctly held, that it was not a true copy. The defendant's counsel insists, that as it was a mistake of the copyist, and there was no fraud intended, the error in the copy should be disregarded. The statute will not permit such a construction. When a judgment creditor claims the property in hostility to the mortgagee, the inquiry is, has the mortgagee complied with the statute? — if not, the statute makes his mortgage void. The cause of the omission is wholly immaterial, whether by accident or design. Any other rule would destroy the protection the Legislature intended to secure by the act. A trifling mistake in the copy filed might not vitiate, upon the principle that the law will not regard trifles. But the objects of the statute must be regarded, and any attempt at compliance, not attaining those, held a nullity.
The defendant claims that the title to the property had become absolute in the mortgagee, and that no refiling was necessary. The mortgage was payable on demand. No demand of payment had been made. In such a case the mortgagor does not lose his right to redeem without demand, or something equivalent thereto. In no case does the law dispense with a demand when a forfeiture will be incurred or a right lost upon an agreement like the one in question. Until a demand made, Bradley had the right to discharge the mortgage *Page 499 
by payment. But when the title to the property has absolutely vested in the mortgagee, by failure to perform the condition, a refiling is necessary to preserve the title of the mortgagee, when there has been no change of possession. Once a mortgage, it so continues for the purpose of filing, until the rights of the parties have been changed by some new act or contract in relation to the property. Unless refiled, as required by the 3d section of the act, the law avoids it in favor of a judgment creditor after the lapse of a year from the filing. The provisions of the act are plain and simple. Their design is to suppress fraud, and those dealing in chattel mortgages and leaving the property in the hands of the mortgagors, must take care to observe them or abide the consequence.
The judgment of the court below should be affirmed.
All the judges concurring,
Judgment affirmed.