GREGORY and others vs. CABLE and others.

1. The fair and reasonable intendment of an allegation, in a bill to foreclose a chattel mortgage, that the mortgagor resided in a certain county at 'the time of giving the mortgage, is, that he still resided there at the time of filing the copy, as required by the "act concerning chattel mortgages,"

and relieves the bill from liability to demurrer, because it does not thereby appear that the county in which the copy was filed, is the county in which the mortgagor then resided.

2. An averment of the filing of the copy, "together with a statement of the amount claimed thereon, as provided by statute, for the renewal of chattel mortgages," is a sufficient averment of compliance with the provision of the act, requiring the filing of a statement exhibiting the interest of the mortgagee in the property therein claimed by him, by virtue thereof.

3. To a suit to foreclose a chattel mortgage, the mortgagor of the holder of another mortgage on the property is not a necessary party.

On bill and demurrer.

*Mr. J. B. Vredenburgh*, for the demurrer.

*Mr. A. S. Cloke*, contra.

THE CHANCELLOR.

The bill is filed to obtain satisfaction of a chattel mortgage, held by the complainants, out of the proceeds of certain goods and chattels thereby mortgaged, and which were sold by the defendant, Cable, as receiver, by consent of the complainants and the defendant, Archibald Maclauchlin, who is the holder of another mortgage thereon. The complainants' mortgage was given to The Jersey City Daily Times Association, March 13th, 1866, and a copy thereof filed in the office of the clerk of Hudson county, on the 7th of April, in that year. A copy was again filed in that office on the 2d of April, 1867, accompanied by a statement of the amount claimed thereon. The mortgage was assigned by the association to the complainants, on the 21st of May, 1867.

The mortgage of the defendant, Archibald Maclauchlin, was given to him by James A. Maclauchlin, November 2d, 1871. The defendant, Maclauchlin, assigned, on the argument, the following causes of demurrer: That the copy of the complainants' mortgage, filed on the 2d of April, 1867, was not filed in the proper county ; that the allegation in the

bill that that copy was filed, "together with a statement of the amount claimed thereon," is not an averment of compliance with the provision of the third section of the act concerning chattel mortgages," requiring the filing of a statement exhibiting the interest of the mortgagee in the property therein claimed by him, by virtue thereof; that Maclauchlin's mortgagor is a necessary party to this suit, and that the bill is without prayer.

The objection that the copy of the mortgage was not filed in the proper county, cannot be sustained. The bill alleges that the mortgagor resided in Jersey City at the time of giving the mortgage, and the fair and reasonable intendment is, that he still resided there at the time of filing the copy, and, besides, the bill states, that the filing was according to the requirements of the statute. The statement of the bill, in reference to the filing of the copy of the mortgage on the 2d of April, 1867, is, that it was filed in the office of the clerk of Hudson county, together with "a statement of the amount claimed thereon, as provided by statute for the renewal of chattel mortgages." This is a sufficient averment. *Ely* v. *Carnley*, 19 *N. Y.* 496 ; *Beers* v. *Waterbury*, 8 *Bosw.* 396. Maclauchlin's mortgagor is not a necessary party. The bill contains a prayer for specific relief, and also a general prayer for relief.

The demurrer will be overruled, with costs.