Owen, C. J.
If the lien of the Cooper mortgage was kept alive or revived as against creditors by the act o£ re-filing it after the expiration of one year from the original filing, the judgment of the circuit court should be reversed.
The Revised Statutes — sections 4150, 4151, 4154 — provide for verifying and filing chattel mortgages.
Section 4155 provides that every mortgage so filed shall be void as against the creditors of the person making the same or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of said term of one year, a true copy of such mortgage, together with a statement verified, as provided in the last section, together with a statement exhibiting the interest of the mortgagee in the property at the time last aforesaid, claimed by virtue of such mortgage, is again filed in the office where the original .was filed.
The question at bar has not heretofore been expressly ad *627 judicated by this court. It rests upon a construction of this statute; if, indeed, there is any room left us for construction. The provision that: “ Every mortgage so filed shall be void as against the creditors of the person making the same, *. * * after the expiration of one year from the filing thereof, unless within thirty days next pereceding the expiration of the said term of one year, a true copy of such mortgage, * * * is again filed in the office where the original was filed,” would seem to leave the courts no avenue of escape from its plain import except through a mere arbitrary judicial repeal.
The contention is, however, that the re-filing of a chattel mortgage after the expiration of a year from the first filing is equivalent to the filing of a new mortgage, or the original filing of the mortgage, and if done in good faith, is good as against all subsequent liens. Swift v. Hart, 12 Barb. 531, and Herrick v. King, 19 N. J. Eq. 80, are relied upon to support this proposition. In the former case, construing a New York statute substantially like our own, the court say: “ The refiling of a chattel mortgage after the expiration of a year from the time of first filing it is effectual to protect the mortgagee and his assigns as against an execution creditor whose execution is not levied until after the second filing, but is levied within a year from and after that time. Such second filing of a mortgage may be regarded in the light of an original filing at the time it is done and in the absence of actual fraud is good and valid as against subsequent liens.”
Johnson, J., dissented from this view; and in a subsequent case in the samé court, (Newell v. Warner, 44 Barb. 258), delivering the opinion of the court, he says of the case of Swift v. Hart:
“ I dissented from the majority of the court in the case referred to and am still entirely unable to see how it is that when the statute says in plain terms, that unless a certain thing is done, within a certain time, the mortgage shall cease to be valid as against creditors, its validity can be restored or continued by doing the thing at another and different time. I do not propose to argue this question over but submit to the authority of the decision.”
*628 It is confidently maintained that this is still the law of New York. It will be seen that the case of Herrick v. King, supra, adds nothing to the authority of Swift v. Hart. The case depended upon a construction of the New York statute. The court says : “ As the question relates to the sale of personal property, at the time of the transaction in the state of New York, and the parties are all residents in that state, and the interest of no resident of New Jersey is affected, the question must be determined by the laws of New York. The courts of New York have settled the construction of this act. * * * They have determined that the re-filing of a copy of such mortgage, after the expiration of the time in which such filing is required, revives the mortgage, and makes it good against all subsequent creditors.” Swift v. Hart is cited as the authority for the proposition. The judge delivering the opinion then adds: “ It is not necessary that I should concur in this as a correct exposition .of the statute of that state; it is enough for me to know that it is the construction adopted by its courts.”
"We shall see, however, that Swift v. Hart, so far as it holds that a re-filing after the year is equivalent to an original filing, has, to say the least, been exposed to cold treatment at the hands of the courts of New York. We find in the syllabus of Marsden v. Cornell, 9 Hun, 449, the following: “Swift v. Hart, 12 Barb. 531, doubted.” Gilbert, J., speaking for the court says: “ I am not aware that the remarks of the learned justice in Swift v. Hart have ever been approved; on the contrary the subsequent decisions, so far as they bear upon the question, seem to be contrary to the views there expressed.” (Citing Thompson v. Van Vechten, 5 Abb. Pr. 476; s. c. 27 N. Y. 583; Ely v. Carnley, 19 N. Y. 496; Porter v. Parmley, 52 N. Y. 188; Newell v. Warren, 44 Barb. 265; s. c. 44 N. Y. 248.)
In the same case in the court of appeals of New York, 62 N. Y. 215, we find in the syllabus: “Swift v. Hart, 12 Barb. 531, limited.” Folger, J., says: “The appellant cites Swift v. Hart, 12 Barb. 531, which, so far as it is relied upon by- him, is not in harmony with the views here expressed. But that case, so far as it conflicts, is not approved *629 by this court.” Thus we see that this case, the chief reliance of the plaintiff in error, having for many years occupied a conspicious place in the rogues’ gallery of overruled and doubted cases, fails as authority for the proposition it is cited to sustain. With it falls the authority of the only other case relied upon, Herrick v. King, 19 N. J. Eq. 80, which follows it as an exposition of the New York statute but with a covert disapproval of its reasoning In the very next year the same court declared in National Bank of the Metropolis v. Sprague, 20 N. J. Eq. 27, of an act like our own : “ The act says it shall cease to be a lien unless a copy is re-filed within thirty days before the expiration of the year. The words are, plain and positive; there is no room for construction. The object indicated is a sensible one. * * * But it is not for the courts to find a good reason for every enactment; it is enough for thorn that it is so clearly enacted.”
We are thus left to consider our own statute by the light of the adjudications of this court, unembarrassed by the construction given to similar statutes by the courts of other states. It is true that it is said in Seaman v. Eager, 16 Ohio St. 209, that “ each re-filing places it (the mortgage) for the purpose of notice, on the footing of a new mortgage.” But this is to be understood as contemplating a re-filing within the thirty days next preceding the expiration of one year from the former filing; for the statement quoted is immediately preceded by the declaration: “ The lapse of a full year, without a renewal of the filing, will, at any time, render the instrument invalid as againrt creditors.” In Biteler v. Baldwin, 42 Ohio St. 125, it was held that the re-filing of a chattel mortgage before the commencement of the thirty days is not sufficient to preserve the lien of such mortgage beyond the year after the first filing. Speaking for the court, Mcllvaine J., says: “ By the plain words of the statute, that mortgage became void as to the purchaser after the expiration of one year from the date of its filing, unless within thirty days next preceding the expiration of the year, it was re-verified and re-filed, as provided by the statute. There was no such re-verification and re-filing within said thirty days. The verification and *630 re-filing on September 16, 1879, had no effect under the statute. Such re-filing was not intended by the parties, nor did it have the effect, in law, of destroying the lien which commenced on February 17; neither .did it create a new or additional lien, under the same instrument, on the same property, for the same claim.”
The penalty which the statute has denounced against every unfiled mortgage, or conveyance intended to operate as a mortgage, of chattels, unaccompanied by immediate delivery, and followed by continued change of possession, is that it shall be absolutely void as against creditors and bona fide purchasers and mortgagees. Of course, as against the mortgagor, and purchasers and mortgagees with notice, no filing is necessary. The one way of averting this penalty is strictly to observe and follow the statutes authorizing the filing and re-filing of such mortgage. Biteler v. Baldwin, supra, is authority for the proposition — if any authority beyond the statute is necessary — -that the mortgage creates but one lien. The most the statutes were designed to effect by a re-filing is the preservation or continuation of that lien. Counsel for Cooper & Go. concede in argument: “ That the continuity of the lien was broken and that the mortgage was void from July 4 to July 8, 1880, as to creditors,” etc. Here then, by common concession, was, as to creditors a dead lien. Where in the statute do we find authority to resurrect or revive it? There .is none. The contract originally entered into between the parties was forever at an end, so far as it could affect creditors, and bona fide purchasers and mortgagees. The prop- ■ erty was still in the possession of the mortgagor. He held it free from all liens as against creditors. It was not in the power of the mortgagee, by his own act, to create such a lien. Such lien could only have been created through convention of the parties. The possession by the mortgagor of the property presumed his ownership of it. On the 5th day of July it was wholly unincumbered as to creditors, and was, in his hands, a basis oí credit. If the mortgagee, whose lien was dead, could, by his own act, place a lien upon it, the statute *631 would thus become an instrument of the very species of fraud it was designed to avert.
“ A re-filing of the mortgage must be effected within the time limited for that purpose. It is nugatory if done either before or after that time. A re-filing after that time is not effectual to revive and continue the validity of the mortgage for a year after such re-filing.” Jones Chat. Mort., sec. 287.
“ The mortgage may be re-filed at any time within the period limited for the purpose, w'hich is usually thirty days previous to the expiration of the term of one year from the first filing. But a re-filing before the commencement of the thirty days would be wholly unavailing, and as nugatory as one after the expiration of that time.” Boone on Mortgages, section 250.
The circuit court properly reversed the judgment of the court of common pleas.

Judgment of the circuit court affirmed.