(22 App. Div. 523.)

DAVID STEVENSON .BREWING CO. v. EASTERN BREWING CO.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. CHATTEL MORTGAGES—FILING ANNUAL STATEMENT.
   The requirement of Laws 1895, c. 354, that in order to keep a chattel mortgage in force from year to year a statement must be filed annually, showing, among other things, "the time when and the place where" the mortgage was filed, applied to all subsequent extensions, even though of mortgages originally filed prior to the act, and the designation of time and place is an essential part of the statement.

2. SAME—PROPERTY COVERED.
   Defendant B. and wife gave a chattel mortgage to plaintiff's assignor, covering a liquor license and lease and all renewals thereof. Thereafter they were dispossessed, and a new lease executed to B. alone, and he then procured a beer license. To secure a loan from the defendant company, B. assigned such lease and license to it. In an action to foreclose the mortgage, the trial court found that the lease and license assigned to the defendant

company were a new lease and license, and that it took the assignment in good faith and for value. *Held*, that the right or interest of the defendant company was paramount to that of the plaintiff.

Appeal from special term, Kings county.

Action by the David Stevenson Brewing Company against the Eastern Brewing Company, impleaded with Thomas A. Blaney and Annie M. Blaney. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Wm. G. McCrea, for appellant.

Hugo Hirsh, for respondent.

BRADLEY, J. The action was brought to foreclose a chattel mortgage made by the defendants Blaney to the executors, etc., of David Stevenson, of date May 9, 1893, and assigned to the plaintiff. The defendant company claimed title to a portion of the mortgaged goods and chattels through a sale of them by virtue of an execution issued upon a judgment recovered against the defendants Blaney in October, 1895. The question presented is whether or not the mortgage had then ceased to be valid as against the creditors of the mortgagors. And this depends upon the effect of failure, in the refiling of the mortgage, to fully comply with the amendatory act of April 18, 1895, which provides that:

"Every mortgage filed in pursuance of this act shall cease to be valid as against the creditors of the person making the same * * * after the expiration of one year from the filing thereof, unless, within thirty days next preceding the expiration of each and every term of one year after the filing of such mortgage, a statement describing such mortgage, stating the names of the parties, the time when and the place where filed, and exhibiting the interest of the mortgagee in the property thereby claimed by him by virtue thereof, shall be again filed in the office of the clerk or register aforesaid of the town or city where the mortgagor shall then reside." Laws 1895, c. 354.

Within due time, and on the 30th day of April, 1895, a copy of the mortgage, with a statement of the amount remaining due upon it, was filed in the office of the register of Kings county,—the proper office. This was a substantial compliance with the statute as it existed prior to the 18th day of that month. But the provisions of the later statute were not observed, in that there was no statement filed of "the time when and the place where" the mortgage was filed. This is thus made an essential part of the statement, because it is required by the statute, which must be quite strictly observed in all cases coming within it to continue the validity of a mortgage as against the creditors of the mortgagor. Ely v. Carnley, 19 N. Y. 496.

It is insisted by the learned counsel for the plaintiff that the statute as thus amended is applicable only to mortgages subsequently made. It is true that an amendatory statute does not have a retroactive effect, unless it appears that such was the legislative intent. The new provisions given to the statute in question by the amendment can have prospective effect only. And those provisions remaining unchanged are deemed continued. Ely v. Holton, 15 N. Y.

595; In re Miller's Estate, 110 N. Y. 216, 18 N. E. 139.   The amendments added, having effect from the time of their adoption, bring subsequent or new transactions within their operation.   In re Prime's Estate, 136 N. Y. 347, 32 N. E. 1091.   The application of that principle in the present case does not exclude from the effect of the amended statute that which is required to be done subsequently to continue the validity of the mortgage as against the creditors of the mortgagor.   Such application is prospective.   It may, in a case like that in question, be unfortunate to have an act take effect so recently that a party may not be advised of its provisions, which he is legally required to observe, and for failure to do so is subjected to prejudicial consequences.   So far as relates to the personal property, known as "goods and chattels," included in the mortgage, and sold by virtue of the execution issued on the judgment against the mortgagors, the mortgage ceased to be valid as against the purchaser upon such sale and his assigns.   When the mortgage was made, the defendants Blaney occupied a liquor store building, as lessees, for which they had a lease.   By the terms of the mortgage they also sold, as like security, all their "right, title, and interest in the lease and license of said store, and all renewals thereof."   It does not appear, otherwise than inferentially, that they then had a license to sell beer or other liquors.   But legal proceedings instituted in 1895 to dispossess those lessees resulted in a new lease to the defendant Thomas Blaney for the term of three years at an increased rent.   And then the defendant company loaned and advanced to him the sum of $200 to enable him to obtain a license to sell beer on the premises; and to secure the payment of that sum, and a further indebtedness then contracted, he assigned such lease and license to the defendant Eastern Brewing Company.

It is unnecessary to inquire whether the license was assignable.   It and the lease were choses in action.   Whatever right the defendant company had to them as security was taken by the assignment before mentioned.   The trial court found that the lease and license so assigned to that defendant were a new lease and a new license, and that the assignment was taken by it in good faith for a valuable consideration.   This conclusion of fact was warranted by the evidence.   And whatever view may be taken of the relation of the mortgagors and mortgagee in respect to such new lease and license, the right or interest therein of the defendant company must be deemed paramount, and not subsequent, to that of the plaintiff.

The judgment should, therefore, be affirmed.   All concur.