(35 App. Div. 572.)

McCREA v. HOPPER et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. CHATTEL MORTGAGE—REFILING—SUFFICIENCY OF STATEMENT.
    Laws 1895, c. 354,—amending the act of 1833 relative to refiling chattel mortgages,—requiring, instead of the filing of a copy of the mortgage, a statement describing the mortgage, stating the names of the parties, the time and place of filing, and the interest of the mortgagee, is not complied with by refiling a copy of the mortgage, with an indorsement showing the amount due, and the date of filing and refiling.

2. SAME—FAILURE TO REFILE—EFFECT AS TO MORTGAGEE WITH NOTICE.
    The failure to file the renewal statement required by Laws 1895, c. 354, whereby the mortgage is rendered void as to subsequent purchasers and mortgagees in good faith, cannot be taken advantage of by one whose mortgage was executed contemporaneously with, and subject to, the mortgage sought to be renewed.

3. SAME—EFFECT AS TO PURCHASER AT EXECUTION SALE.
    A purchaser at an execution sale of chattels, who is the owner of a mortgage subject to another contemporaneous mortgage, will nevertheless acquire clear title, if the prior mortgage had not been filed or refiled as required by statute.

4. COUNTERCLAIM—FAILURE TO REPLY—EFFECT.
    In an action to foreclose a chattel mortgage, where the answer of one of the defendants, asking a foreclosure of his alleged prior mortgage, is not replied to, plaintiff is precluded from claiming title to the property as purchaser at a creditor's execution sale; and, though evidence of such purchase is admitted, he cannot claim any benefit therefrom.
    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by William G. McCrea against Isaac A. Hopper, as trustee, and another, to foreclose a chattel mortgage. From a judgment dismissing the complaint, and foreclosing defendant Hopper's mortgage, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William G. McCrea, in pro. per.

H. F. Ives, for respondent.

BARRETT, J.  This action was brought to forecelose a mortgage upon certain chattels given by the defendant Moffat to the plaintiff on the 26th day of March, 1894.  Hopper was made a party defendant, as a person having some interest in or lien upon the mortgaged chattels. Judgment was asked against him, that he be barred and foreclosed of all equity of redemption in and to the chattels.  Moffat did not defend. Hopper alone defended.  In his answer he admits the execution and delivery by Moffat to the plaintiff of the latter's mortgage; also, that the same was duly filed and refiled.  He then denies all the other allegations of the complaint.  For a further and separate answer and defense, he sets up a chattel mortgage given by Moffat to a company known as the Harlem Reporter Company upon the day when the plaintiff's mortgage was executed and delivered.  He avers that the mortgage to the Harlem Reporter Company covers all the chattels specified in the plaintiff's mortgage, with a few enumerated exceptions; that the plaintiff's mortgage was, by its terms, made subject to the Harlem Reporter Company's mortgage; and that the latter was thereafter duly assigned by the company to him for value.  Some of the notes, to secure which the Harlem Reporter Company's mortgage was given, having matured and gone to protest, Hopper asks, by way of affirmative relief, that this mortgage thus assigned to him be foreclosed, and that the judgment set forth the seniority of his mortgage, and the subordination thereto of the plaintiff's mortgage.  The plaintiff did not reply to these allegations.  The question litigated upon the trial was whether Hopper's mortgage was invalid as against the plaintiff.  The sole point of contention upon this head related to the refiling of that mortgage.  It was conceded that the plaintiff's mortgage was filed and refiled according to law.  It was also conceded that Hopper's mortgage was duly filed in March, 1894, and duly refiled in March, 1895.  It was also refiled in March, 1896.  The plaintiff's contention is that this latter refiling was invalid, for the reason that the mortgagee, or its assignee, Hopper, failed to comply with an amendment to the act of 1833, which was passed in 1895.  Laws 1895, c. 354.  The latter act requires, instead of the filing of a copy, a statement describing the mortgage, stating the names of the parties, the time when and place where filed, and exhibiting the interest of the mortgagee in the property thereby claimed by him by virtue thereof.  The failure to file this statement undoubtedly invalidated Hopper's mortgage, as against Moffat's creditors, and as against subsequent purchasers or mortgagees in good faith. David Stevenson Brewing Co. v. Eastern Brewing Co., 22 App. Div. 523, 48 N. Y. Supp. 89.  Hopper contends that the refiling of a copy of his mortgage, with a statement showing the amount then due, and with the date of filing and refiling indorsed thereon, was equivalent to the statement required by the act of 1895.  This contention is plainly groundless.  The indorsement was not a statement at all,—certainly not such a statement as is contemplated by the amendatory act.  The facts

required to be stated are thereby left to mere inference. If Hopper's contention were correct, the amendment practically left the law as it was. It is clear, however, that a change was intended, and that Hopper failed to comply with the new requirements. The statute must be strictly observed, if the validity of the mortgage, as against creditors and subsequent purchasers or mortgagees in good faith, is to be maintained. Ely v. Carnley, 19 N. Y. 496. The difficulty, however, with the plaintiff's contention, is that he is not a mortgagee in good faith, within the meaning of the statute as interpreted by the adjudged cases, for the reason that he had full notice of Hopper's mortgage, and in fact took his own mortgage with such notice embodied in it. His mortgage was, in terms, "subject to a chattel mortgage now a lien thereon held by Harlem Reporter Company to secure the sum of $5,500." For this reason, as well as because he was not a subsequent mortgagee, he cannot invoke the statute to invalidate Hopper's mortgage. Meech v. Patchin, 14 N. Y. 71; Thompson v. Van Vechten, 27 N. Y. 582; Lewis v. Palmer, 28 N. Y. 272; Gildersleeve v. Landon, 73 N. Y. 609; Mack v. Phelan, 92 N. Y. 20. As was said in the latter case, "Notice stands in the place of filing."

The plaintiff, however, contends that, even though he fail as a mortgagee, he must succeed as a purchaser at a sheriff's sale which was had in December, 1896, upon a judgment obtained against Moffat. It is true that Hopper's mortgage "ceased to be valid," as against Moffat's creditors, upon failure to comply with the act of 1895. It is equally true that notice of an unfiled or improperly refiled mortgage would not affect the title of a purchaser at such a sheriff's sale. The purchaser referred to in the act is clearly a purchaser from the mortgagor. It is he who is affected with notice of the mortgage. The mortgagor's creditors, however, are not affected by such notice. Nor are purchasers at sheriff's sales made under such creditors' judgments and executions. Any other construction would nullify the statute. It would, upon that construction, only be necessary to proclaim aloud at the sheriff's sale the existence of a mortgage, to prevent any bidding at all; in other words, to prevent the collection of the judgment. The statute says that the mortgage shall cease to be valid as against the creditors of the mortgagor, not as against creditors in good faith or creditors without notice. The sale, therefore, under such creditor's judgment and execution, is a sale freed from the mortgage. Here, again, the plaintiff meets another obstacle to his success. The defendant Hopper's answer, setting up his mortgage, and asking an affirmative judgment of foreclosure therein, was an undoubted counterclaim. There is not a word in the paragraphs of the answer numbered 1 to 11, inclusive, which is even suggestive of a defense to the plaintiff's mortgage. Every word therein contained was appropriate solely to an original complaint in an action by Hopper for the foreclosure of his mortgage. And these paragraphs were followed by the usual demand of judgment for the foreclosure of a mortgage. It is plain that, although not specially denominated a "counterclaim" in the answer,—though in fact pleaded as a further and separate answer and defense,—these allegations constituted a counterclaim. The case of Metropolitan Trust Co. v. Tonawanda, etc., R. Co., 18 Abb. N. C. 368, is a direct authority upon

this point. The facts there were quite similar; and Bradley, J., in holding that these averments of the answer constituted a counterclaim, said that there was no force in the objection that the answer did not in express terms define as a counterclaim the matter set up as such, inasmuch as it distinctly appeared "by the relief demanded that it was intended as a counterclaim." So, in Bates v. Rosekrans, 37 N. Y. 412, Hunt, J., said that:

"No particular form of words is necessary to make a pleading a counterclaim; and if the party had, in any reasonable language, intimated that he intended to make a personal claim in his own favor against the plaintiff, it would have been sufficient."

By not replying to this counterclaim the plaintiff admitted it. He should not, therefore, have been permitted in rebuttal to introduce the judgment roll and execution in the creditors' action, or to prove his purchase at the sheriff's sale thereunder. Hopper's counsel objected to this evidence as not within the issues, and the learned judge, in reply to the plaintiff's observations upon the subject, called attention to the statement of Hopper's counsel that the plaintiff had not alleged the facts sought to be proved. Notwithstanding all this, the learned judge admitted the evidence. But he made no ruling upon its effect. He apparently disregarded it, or treated it as affording, under the issues presented to him for decision, no ground for denying Hopper his rights under the mortgage. No reference is made to the facts established by this evidence either in the decision or the judgment. Nor did the plaintiff request the learned trial judge to find the facts thus established, or the legal conclusion which he now claims should have been drawn therefrom. He says in his present brief that he did make such requests, and that the learned trial judge refused to pass upon them. But nothing of the kind appears upon the record. All we find is the decision, the judgment, and the exception. The exception relates solely to the judge's decision and judgment with regard to the mortgages, and the respective contentions upon that head. But, even if the question were properly presented by the record, the result would necessarily be the same. The counterclaim was conclusively admitted by the failure to reply, and the trial judge was bound by that admission. Evidence in hostility to the counterclaim could not prevail as against an admission of record. Paige v. Willet, 38 N. Y. 28; Getty v. Town of Hamlin, 46 Hun, 1–4. We certainly cannot reverse a judgment, correct in all particulars, because of the improper admission of evidence in support of a fact which was not pleaded, and which was entirely outside of the apparent issues between the parties. Hopper went to trial to have it determined whether his mortgage, or the plaintiff's, was entitled to priority. That was the sole question presented by the pleadings. The plaintiff, by the offer and introduction of the evidence in question, sought to divert the trial from these issues, and to substitute a new issue, namely, whether he was the owner of the chattels, or of Moffat's interest therein, under an independent title quite foreign to that set up in his complaint.

It is said that, if the learned judge had rejected the evidence, he might have postponed the trial to enable the plaintiff to move for leave to reply to the counterclaim, and in such reply set up his title under the

purchase upon the execution sale. So he might, and he might not. We have nothing to do with such possibilities. The question is as to the correctness of the decision upon the pleadings and proofs as they stood when the case was taken under advisement. Was the decision right, notwithstanding the receipt of the evidence? We think it clearly was, and that no evidence could justify a finding as against an express and conclusive admission of record.

The judgment should, therefore, be affirmed, with costs. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. I dissent. The evidence having been let in, there was no need for the plaintiff to apply for leave to reply, which he might well have done, and obtained, had it been shut out. All the evidence in the record must be considered upon this appeal, as the court below must have considered it in deciding the case. The court cannot admit evidence, and then disregard it in its decision, thus depriving the party of all notice that his evidence would be stricken from the record.