In re KELLOGG. (Circuit Court of Appeals, Second Circuit. December 2, 1902.) No. 15. Petition to Review an Order of the District Court of the United States for the Western District of New York. This cause comes here upon petition to review a decision of the district court sustaining the claim of the Berlin Machine Works to receive specific personal property, or its value, which property was in the possession of the bankrupt under a contract of sale which specifically provided that title should not pass till payment for the same was made. No payment has been made. Frank H. Robinson, for petitioner. John Griffin, opposed. Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The facts are fully set forth in the opinion of the district judge, and there is no dispute about them. He has carefully discussed the propositions of law arising thereon, and we concur in his reasoning and conclusions. It seems unnecessary, therefore, to file any additional opinion here, especially in view of the circumstance that the subject has recently been discussed by this court in Re New York Economical Printing Co., 49 C. C. A. 133, 110 Fed. 514. It was held in that case that "the bankrupt act does not vest the trustee with any better right or title to the bankrupt's property than belongs to the bankrupt or to his creditors at the time when the trustee's title accrues. The present act, like all preceding bankrupt acts, contemplates that a lien good at that time as against the debtor and as against all of his creditors shall remain undisturbed." Inasmuch as by the New York statute a conditional sale, such as this, of property not delivered to the vendee for consumption or sale (In re Garcewich [C. C. A.] 115 Fed. 87), is void only as against subsequent purchasers or pledgees or mortgagees in good faith, and not against creditors, the decision in Re New York Economical Printing Co., supra, is controlling of the case at bar. Petitioner appreciates this fact, and his argument is addressed to a reargument of the questions settled in that case. We see no reason to change the opinion therein expressed, which was

enunciated after a careful consideration of the bankrupt law. No authority conflicting with the views therein expressed is cited; for cases in which by the state law conditional sales are void as against creditors are not in conflict with such opinion. The order of the district court (112 Fed. 52) is affirmed, with costs. See 113 Fed. 120.