ALBERT BACHMAN, Appellant, *v.* HANNAH HAUSMAN and Another, Doing Business as H. HAUSMAN & SON, Respondents, Impleaded with NATHAN E. CHASE, a Marshal of the City of New York, Defendant.

First Department, May 4, 1934.

*Harry Krauss* of counsel [*S. Louis Soss*, attorney], for the appellant.

*Isaac Strahl*, for the respondents.

UNTERMYER, J.  The defendants Hannah Hausman and Nathan Hausman made this motion to require the plaintiff to furnish security for costs on the ground, as stated in their notice of motion, " that the beneficial owner of this cause of action is a non-resident of this State and is prosecuting the same in the name of an insolvent person."  It is not contended that these facts would justify security to be required under the provisions of sections 1522 and 1523 of the Civil Practice Act, but it is asserted that, apart from statute, the court is vested with discretion to require security to be given and that the circumstances here justified its exercise.  The contention cannot be sustained even if we should assume the existence of such a discretion notwithstanding the comprehensive provisions concerning security for costs which the Civil Practice Act contains.

It is not denied by the defendants that the plaintiff is a resident of this State.  It is not denied by the plaintiff that he is insolvent. It is the defendants' claim that after the institution of this action an absolute assignment of the cause of action was made by the plaintiff to one Fishman, a resident of Ohio.  The material parts of the assignment, however, are included in the record, and from these it appears that the assignment was given only as collateral security for an indebtedness of the plaintiff to Fishman.  The plaintiff, therefore, remained the real party in interest and is entitled to maintain the action in his own right.

In the absence of other circumstances, the fact that a plaintiff, resident in this State, is insolvent is not sufficient in the exercise of discretion to justify the court in requiring security for costs, even assuming such a discretion to exist.  All the authorities relied on by the defendants (*Swift* v. *Collins*, 1 Den. 659; *Cowell* v. *Taylor*, [L. R. ] 31 Ch. Div. 34; *Beer* v. *Collister*, 3 Br. Col. Rep. 79) involved situations where an insolvent plaintiff had made an absolute assignment of his cause of action to a non-resident.  The effect of this was to divest the plaintiff of all interest in the cause of action, by transfer thereof to a party who could have been required to give security for costs if the action had been instituted in his name.  (Civ. Prac. Act, § 1522, subd. A, ¶ 1.)  We proceed far beyond any of these decisions, and further than is justified, if we require a resident of this State, though insolvent, to give security for costs where he is prosecuting an action which he has the right to maintain in his own name.

The respondents further insist that the appeal may not be entertained because the defendant Nathan E. Chase is not a party thereto.  That defendant, although he filed an affidavit in support of the motion in the court below, was not joined as a moving party in the notice upon which the motion was made.  He was, there-

fore, not entitled to the benefit of the order appealed from and is not a necessary party to this appeal.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.