## In re PARKWAY KNITTING MILLS, Inc.

No. 39618.

District Court, E. D. New York.

Jan. 3, 1941.

Abraham Buchman, of New York City, for Elstelnat Holding Corporation, for review.

Furst, Schwartz, Schwager & Landau, of Brooklyn, N. Y. (H. Sidney Landau and Hamilton Lieb, both of Brooklyn, N.Y., of counsel), opposed.

CAMPBELL, District Judge.

This is a hearing on the petition of Elstelnat Holding Corporation to review and revise the order of the Referee dated December 3, 1940, declaring a chattel mortgage held by petitioner, on chattels of the bankrupt, to be void and of no effect.

On June 19, 1939 the bankrupt executed and delivered a chattel mortgage to petitioner to secure the repayment of an $1,-800 loan, evidenced by eighteen promissory notes each for the sum of $100 due monthly thereafter, with interest commencing with August 15, 1939.

A copy of the chattel mortgage was filed with the Register of the County of Kings on June 20, 1939.

The bankrupt defaulted in the payment due on April 15, 1940, but the petitioner took no steps to repossess or otherwise protect his interests until the institution of the present proceeding.

On May 21, 1940, the petitioner refiled an exact copy of the original mortgage on the usual printed form with the following endorsement:

"Renewal Statement

"*Elstelnat Holding Corp.*, the mortgagee within *named, does* certify and state that there remains due and unpaid on the mortgage, of which the foregoing is a true copy the sum of *Nine Hundred ($900.00)* Dollars, *with interest* from the *19th* day of *June, 1939,* and this copy and statement are filed to continue the notice required by the statute made and provided for the renewal of chattel mortgages.

"Dated this *20th* day of *May, 1940.*

"*ELSTELNAT HOLDING CORP.*
"*by Jack Shane, Pres.*
"Mortgagee."

The italicized words and figures were typewritten, all the other words and figures are contained in the printed form.

Petitioner claims that $700 principal and $50.73 interest, making a total balance of $750.73, was due under the mortgage.

There is no dispute as to the amount due from the bankrupt to the petitioner, but the Trustee contends that the chattel mortgage is null and void because the renewal statement quoted supra did not comply with Section 235 (1) of the Lien Law of the State of New York, Consol. Law, c. 33.

Section 235 (1) of the Lien Law of the State of New York provides:

" § 235. *Mortgage, invalid after one year, unless statement is filed.*

"A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless,

"1. Within thirty days next preceding the expiration of each such term, a state-

ment containing a description of such mortgage, the names of the parties, the time when and place where filed, the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue thereof, * * *."

■ The original date of the filing of the original mortgage was June 20, 1939. An exact copy thereof with the endorsement supra was refiled on May 21, 1940.

In computing the thirty days within which to refile, the refiling on May 21st was good as to time, whether June 20th was excluded as in Re J. T. Robertson Co., Inc., D.C., 26 F.Supp. 870, or included as in Re East, 2 Cir., 17 F.2d 585.

■ The refiling complied with the statute as to the time of refiling, but did not comply with the statute, in that it did not in the statement endorsed on the copy of the chattel mortgage refiled, or in the said copy of the chattel mortgage so refiled, state "the time when and place where refiled".

This rendered the lien of the chattel mortgage void and of no effect.

■ Only strict compliance with the statute governing refiling of a chattel mortgage, supra, will preserve the lien of the mortgage, and a defect as important as in the case at bar has been held to render it null and void. Stevenson Brewing Co. v. Eastern Brewing Co., 22 App.Div. 523, 48 N.Y.S. 89, affirmed 165 N.Y. 634, 59 N.E. 1121; Ely v. Carnley, 19 N.Y. 496; Marsden v. Cornell, 62 N.Y. 215; McCrea v. Hopper, 35 App.Div. 572, 55 N.Y.S. 136, affirmed 165 N.Y. 633, 59 N.E. 1125.

■ The fact that the petitioner used a printed form which was defective does not relieve it from its failure to comply with the statute, however customary may have been the use of such form, it only teaches the necessity of assuring yourself that such form complies with the statute before using it.

■ The fact that petitioner refiled an exact copy of the mortgage, with the defective statement, does not relieve it, as the filing of a copy of the chattel mortgage without a statement, as required by Section 235 (1) of the Lien Law of the State of New York, is insufficient. McCrea v. Hopper, supra; Marsden v. Cornell, supra.

■ Such refiling of a copy of the original mortgage may not be considered as a mortgage de novo. Marsden v. Cornell, supra, 62 N.Y. at page 218.

None of the creditors of this estate were judgment creditors.

■ Petitioner's contention that only judgment creditors may assail the chattel mortgage is not sustained.

It may not be urged against a Trustee in bankruptcy that no creditor has obtained a judgment and execution. In re Active Wet Wash Laundry Co., D.C., 8 F.Supp. 964; Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275; Irving Trust Co. v. Bank of America Nat. Ass'n, 2 Cir., 68 F.2d 887; In re Simpson, D.C., 31 F.2d 317; In re Thomas, D.C., 199 F. 214.

There has been a conflict in decisions in the past as appears by the cases cited on behalf of the petitioner. Button v. Rathbone, Sard & Co., 126 N.Y. 187, 27 N.E. 266; Stephens v. Meriden Britannia, 160 N.Y. 178, 54 N.E. 781, 73 Am.St.Rep. 678; In re New York Economical Printing Co., 2 Cir., 110 F. 514; In re Kellogg, 2 Cir., 118 F. 1017; In re Burnham, D.C., 140 F. 926.

The weight of authority favors and the law now is as I stated it, supra.

■ We must be careful in construing the State Lien Law to distinguish between rules of procedure and rules of right. Matter of Shay's Estate, 157 Misc. 615, 616, 285 N.Y.S. 379; Beebe v. Prime, 99 Misc. 668, 166 N.Y.S. 56.

■ Creditors of the mortgagor in a case where a mortgagee is not promptly filed are defined as creditors not merely judgment creditors having executions. Baker v. Hull, 250 N.Y. 484, 489, 166 N.E. 175; Karst v. Gane, 136 N.Y. 316, 323, 32 N.E. 1073; Benedict v. Zutes, 88 Misc. 214, 150 N.Y.S. 147.

■■ The default in payment due April 15, 1940, the mortgagee not having taken possession of the property covered by the chattel mortgage, did not give the mortgagee complete legal title, and relieve it from the necessity of refiling the chattel mortgage. Only an actual change of possession, not merely a constructive or legal change, will relieve from refiling the chattel mortgage. Commercial Bank v. Davy, 81 Hun 200, 30 N.Y.S. 718; Steele v. Benham, 84 N.Y. 634; Porter v. Parmley, 52 N.Y. 185; Levin v. Russell, 42 N.Y. 251; Ely v. Carnley, 19 N.Y. 496.

Counsel for Petitioner calls to my attention, and requested me to consider, the

motion he made, on the petition dated November 25, 1940, to direct the Referee to render an immediate decision on the petition of September 1940, or disqualify himself.

This is a busy district, but in order that there may be no unreasonable delays, we have adopted Rule 17 of the Bankruptcy rules.

So much of Rule 17 of the Bankruptcy rules of this Court, as is necessary to be considered, reads as follows: "(a) Referees shall make and file their decisions in all cases within two months after the final submission unless such time be extended by order of a Judge of this Court, and shall forthwith give written notice of such filing to the parties or their attorneys."

The two-month period had not elapsed. As appears by the affidavit of the attorney for the petitioner, verified November 23, 1940, the motion of which he was seeking a decision was argued on October 14, 1940, therefore, the motion was prematurely made. The Referee, however, did not stand on that, but within three days after receipt of notice of that motion, to-wit, on November 28, 1940, he made his decision.

I see nothing concerning the issues of this case in the making prematurely of that motion, and the speedy compliance with the request by the Referee in filing his decision more than one-half month within the two-month period.

The petition to review is overruled and dismissed, and the order of the Referee dated December 3, 1940, which it is sought to review herein, is confirmed.