## In re PARKWAY KNITTING MILLS, Inc.

### No. 285.

Circuit Court of Appeals, Second Circuit.

May 12, 1941.

606

Abraham Buchman, of New York City, for appellant.

Furst, Schwartz, Schwager & Landau, of Brooklyn, N. Y. (H. Sidney Landau and Hamilton Lieb, both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The question presented by this appeal is the validity of a lien asserted by the appellant, Elstelnat Holding Corporation, by virtue of a chattel mortgage covering chattels of the bankrupt. It turns on whether the local statute as to refiling was complied with. The mortgage was executed and delivered to the appellant on June 19, 1939, and a copy thereof was duly filed in the office of the Registrar of Kings County, New York, the following day. On May 21, 1940, a copy of the mortgage was refiled in the same office with a renewal statement which set forth simply the name of the mortgagee and the balance of the mortgage indebtedness remaining due and unpaid. Thereafter the mortgagor was adjudicated bankrupt upon its voluntary petition. The appellant then moved for an order directing the trustee in bankruptcy to sell the chattels and pay to it out of the proceeds the sum remaining due, namely, $750.73. The trustee replied that the mortgage was void because not properly refiled. The referee so held, dismissing the appellant's petition. This order the district court confirmed.

Section 235 of the Lien Law of New York, Consol.Laws c. 33, provides as follows:

"A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless,

"1. Within thirty days next preceding the expiration of each such term, a statement containing a description of such mortgage, the names of the parties, the time when and place where filed, the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue thereof, or

"2. A copy of such mortgage and its indorsements, together with a statement attached thereto or indorsed thereon, showing the interest of the mortgagee or of any person who has succeeded to his interest in the mortgage, is filed in the proper office in the city or town where the mortgagor then resided * * *."

It is obvious that the refiling failed to comply with subdivision (1) of section 235 in that the renewal statement did not give "the time when and place where filed." Strict compliance with the statute is a prerequisite to preserving the lien. Ely v. Carnley, 19 N.Y. 496; Stevenson Brewing Co. v. Eastern Brewing Co., 22 App.Div. 523, 48 N.Y.S. 89, affirmed 165 N.Y. 634, 59 N.E. 1121; McCrea v. Hopper, 35 App. Div. 572, 55 N.Y.S. 136, affirmed 165 N.Y. 633, 59 N.E. 1125.

The appellant urges that it complied with the alternative procedure provided by subdivision (2). This permits filing of a copy of the mortgage "and its indorsements". By reference to section 233 it appears that the filing officer must endorse on the instrument "its number and time of its receipt." Plainly these are "its endorsements" referred to in section 235(2). The refiled copy lacked them, so far as appears. Hence, under the strict interpretation which the New York cases insist upon, the refiling was as defective under subdivision (2) as under subdivision (1).

Despite the appellant's argument to the contrary, there can be no doubt of the right of the trustee in bankruptcy to take advantage of the failure to refile properly. See Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658, 662, and cases there cited. Order affirmed.