In the Matter of the General Assignment for the Benefit of Creditors of Rose Adler, Assignor, to Myron M. Fineman, Assignee.

Supreme Court, Special Term, New York County, June 17, 1943.

*Salvator Milazzo* for assignee.

*Robert Cooper* for Anna Kaplan, mortgagee.

Eder, J. Motion by assignee for benefit of creditors to sell the chattels and fixtures located at premises 242 Columbus Avenue, free and clear of the lien of the chattel mortgage made by Victory Stationery Co., Inc., to Anna Kaplan, dated February 28, 1941, and that said chattels and fixtures referred to in said chattel mortgage are now free and clear of the mortgage.

The assignee contends that the failure of the mortgagee to comply with section 235 of the Lien Law in failing to file a renewal statement or a copy of the mortgage after the filing of February 24, 1942, vitiated the mortgage as against the creditors of the mortgagor and released the chattels and fixtures of the mortgagor from the lien of the chattel mortgage at least insofar as the creditors of the mortgagor are concerned.

The mortgagee counters with the contention that the mortgagor defaulted in payment long before the filing date and that under those circumstances title to the chattels and fixtures vested in the mortgagee immediately upon such default, citing *Harrison* v. *Hall* (239 N. Y. 51, 52), where it is said that a mortgagee of chattels after default is at law the owner.

This is true enough as between the parties, but as respects creditors, default in payment due under a chattel mortgage did not relieve the mortgagee from the necessity of refiling the chattel mortgage under section 235, where the mortgagee did not take possession of the property covered by the chattel mort-

gage, since the default did not give the mortgagee complete legal title and " Only an actual change of possession, not merely a constructive or legal change, will relieve from refiling the chattel mortgage " (*Matter of Parkway Knitting Mills*, 36 F. Supp. 299, affd. 119 F. 2d 605, certiorari denied *sub nom. Elstelnat Holding Corp.* v. *Palmer*, 314 U. S. 646). That case construed section 235 of our Lien Law, and is decisive here.

The mortgagee has lost her rights as against the assignee and the assigned estate and has no lien or interest in the mortgaged property or to the proceeds or avails thereof, and the motion is granted as prayed for. Settle order.