**SCHILLING v. ROCKMORE et al.**

**No. 291.**

Circuit Court of Appeals, Second Circuit.

March 17, 1944.

John Preston Phillips, of New York City (Lawrence F. Sherman, of New York City, of counsel), for appellant.

Maurice Abrams, of New York City (Max Rockmore, of New York City, of counsel), for trustee-appellee.

Frederick E. M. Ballon, of New York City, for Wek Sales Company, appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This appeal involves the application to undisputed facts of the provisions of § 235 of the New York Lien Law, Consol.Laws, N.Y., c. 33, with respect to refiling of a chattel mortgage. On March 6, 1939 Schilling Press, Inc., hereafter called the bankrupt, executed and delivered to Jacob H. Schilling, the appellant, a chattel mortgage to secure a debt of $24,751.78, of which some $18,000 still remains due him. The mortgage was duly filed in the office of the Register of the County of New York and a copy thereof was properly refiled March 5, 1940. In December 1940 the bankrupt

mortgaged to Wek Sales Company the same chattels covered by the appellant's mortgage and he assigned his mortgage to Wek Sales Company. This assignment was duly recorded. Although absolute in form the assignment was actually given only as collateral security for the bankrupt's indebtedness to Wek Sales Company. A copy of the appellant's mortgage was refiled on March 5, 1941, and again on March 4, 1942, but neither of the refiling statements mentioned the appellant's assignment. Before arrival of the 1943 refiling date the bankrupt filed its petition in the bankruptcy court. The trustee sold the mortgaged chattels free of liens and presented a petition to the referee asking that the appellant's mortgage be held invalid as a lien upon the proceeds of sale and that such proceeds be used to satisfy and discharge the mortgage of Wek Sales Company. The referee so held. The district court's orders before us on appeal confirm the referee's ruling.

Section 235 of the Lien Law in so far as material reads as follows:

"A chattel mortgage * * * shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless, * * * 2. · A copy of such mortgage and its indorsements, together with a statement attached thereto or indorsed thereon, showing the interest of the mortgagee or of any person who has succeeded to his interest in the mortgage, is filed * * *."

When appellant refiled a copy of his mortgage in 1941 and 1942 he named himself as mortgagee and stated the amount due and unpaid on the mortgage, but made no reference to the interest of the Wek Sales Company created by his assignment. His counsel contends that this was adequate compliance with the statute because the assignee was not "any person who has succeeded to his interest" within the meaning of that phrase.

He argues that since an assignment of a cause of action as collateral security does not deprive the assignor of his right to sue upon the assigned cause of action (Hawkins v. Mapes-Reeve Construction Co., 178 N.Y. 236, 70 N.E. 783; Bachman v. Hausman, 241 App.Div. 153, 271 N.Y.S. 534), therefore the assignment of a chattel mortgage as collateral does not cause the assignee "to succeed" to the assignor's interest in the mortgage; he succeeds to only a part of it. Neither of the cases relied upon involved·the assignment of a chattel mortgage. Each held only that the assignor remained the party in interest and was entitled to enforce the cause of action in the light of cited sections of the Civil Practice Act. We think the cases have no relevancy in the construction of a statute concerned exclusively with chattel mortgages.

Concededly the appellant's assignment transferred an interest in the mortgage to Wek Sales Company and the question before us is whether that interest must be shown in the refiling statement. The appellant argues that the purpose of the statute is fulfilled if the refiling statement gives the name of the mortgagee and the amount of the debt secured. But the cases have stated the purpose more broadly. In Ely v. Carnley, 19 N.Y. 496, at page 498, the court said that the object of the act "was to enable creditors and others to ascertain whether personal property was owned by the possessor, and the extent of his interest in it." In Scott v. 1000 Island Boat & Engine Co., Sup., 134 N.Y.S. 150, at page 152, Judge Merrell remarked·that the object of the statute was to inform subsequent purchasers in good faith and creditors of "the real interest of the mortgagee in the mortgaged property." Numerous authorities have stressed the necessity of construing the statute strictly. In re Parkway Knitting Mills, Inc., 2 Cir., 119 F.2d 605, 606, certiorari denied Elstelnat Holding Corp. v. Palmer, 314 U.S. 646, 62 S.Ct. 89, 86 L.Ed. 519, and cases there cited. A strict construction requires the appellant to disclose the interest of the Wek Sales Company for his "real interest" in the mortgaged property was certainly materially altered by his assignment. Creditors or purchasers might wish to clear off the mortgage debt by settlement and should therefore be apprised of assignments by way of collateral as well as outright assignments.

The judgment is affirmed.