## In re NATIONAL BROWNE CO., Inc.
### No. 75.

Circuit Court of Appeals, Second Circuit.
Nov. 1, 1945.

596

Jacob J. Schulder, of New York City (Gerson C. Young and Jacob J. Schulder, both of New York City, of counsel), for appellant.

Louis P. Rosenberg, of Brooklyn, N. Y., for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

[1] Under the law of the State of New York, a chattel mortgage which is not accompanied by an immediate delivery of the mortgaged property to the mortgagee is void as against creditors of the mortgagor, unless the mortgage or a true copy is filed pursuant to the Lien Law, Consol.Laws, c. 33, § 230.

Section 232 of the Lien Law (as the section stood on August 26, 1944) reads as follows: "If the chattels mortgaged are in the city of New York at the time of the execution of the mortgage, the mortgage or a true copy thereof must be filed in the county where the mortgagor alleges to reside at the time of the execution of the mortgage, and in the county where the property is situated."

The filing on August 26 did not sufficiently comply with this requirement. The statute requires that the copy must be filed in two places, i. e., (1) the county where the mortgagor "alleges to reside," and [1] (2) where the property is situated. Petition of Turchin, 260 App.Div. 447, 23 N.Y.S.2d 144. There is no merit in appellant's contention that the statute is satisfied if the mortgage is filed in the county where the mortgagor alleges the property to be. Appellants rely on cases dealing with the alleged residence of the mortgagor, which are not in point here. We see no reason to read "and" as "or." Strict compliance with the statute is required to create the lien. In re Parkway Knitting Mills, Inc., 2 Cir., 119 F.2d 605; Ely v. Carnley, 19 N.Y. 496. The appellant has not shown such compliance, and consequently the appeal must fail.

Affirmed.

---

[1] The amendment to § 232, effective September 1, 1944, which reads "and also in the county where the property is situated" makes no material change pertinent here.