**In the Matter of NASSAU PRESS, INCORPORATED, Bankrupt.**

**No. 65–B–623.**

United States District Court
E. D. New York.

Jan. 27, 1966.

Mullooly, Mullen & Jeffrey, Freeport, N. Y., for Long Island Nat. Bank.

Ridgway, Ridgway & Slote, New York City, for trustee.

MISHLER, District Judge.

Long Island National Bank petitions for review of the order of the Referee in Bankruptcy, dated November 24, 1965, denying the petitioner's application to direct the Trustee to turn over to it the sum of $22,693.70 as a secured creditor. Nassau Press, Incorporated was adjudicated a bankrupt on July 2, 1965.

The claim filed by petitioner is in the sum of $22,693.70. The consideration is described as a "loan of money" secured by a "chattel mortgage".

The following facts are not in dispute:

Petitioner loaned the bankrupt the sum of $40,800.00 on or about February 15, 1962, secured by a chattel mortgage on a Crabtree Press, duly filed in the office of the Clerk of Nassau County on February 16, 1962. On January 15, 1963, petitioner loaned the bankrupt the additional sum of $22,850.00 secured by a chattel mortgage filed in the office of the Clerk of Nassau County on January 17, 1963; this chattel mortgage recited as security all of the bankrupt's chattels including Crabtree Press, previously mortgaged. No reference is made in the latter mortgage with respect to the unpaid balance due on the then existing obligation in the amount of $35,466.70. The affidavit of title, made by the mortgagor, in the mortgage dated January 15, 1963, and sworn to that day, affirmatively states:

> "That there are no mortgages, liens or encumbrances, of whatsoever nature or description affecting the said goods and chattels and that the same are absolutely free and clear thereof, excepting

### NO EXCEPTIONS"

The Trustee concedes that the sum of $8,693.59 is due petitioner on the loan secured by the chattel mortgage dated January 15, 1963. The Trustee resists so much of the claim as represents the balance due on the mortgage dated February 16, 1962 in the sum of $14,000.11, on the ground that said mortgage is invalid against the estate. The Trustee additionally claims the sum of $2,800.00 representing payments made within four months of the date of filing the petition, i. e., June 22, 1965, by the bankrupt, in reduction of said mortgage loan. (Trustee's memorandum, p. 3).

Petitioner claims that the filing of the mortgage on January 17, 1963, covering among other items the Crabtree Press, recited in the mortgage filed February 16, 1962, continued the lien of the prior mortgage in the same manner as a refiling under § 235 of the Lien Law of the

State of New York, McKinney's Consol. Laws, c. 33.[1]

■ A chattel mortgage is a transfer of title, which title is conditional, subject to defeat, by subsequent payment of the sum it secures. In re Packard Press, Inc., 1924, 2d Cir., 3 F.2d 232; Utica Trust & Deposit Co. v. Decker, 1927, 244 N.Y. 340, 346, 155 N.E. 665; In Willcox v. Goess, 1936, S.D.N.Y., 16 F.Supp. 350, 362, modified in part, 1937, 2d Cir., 92 F.2d 8, cert. denied, 1938, 303 U.S. 647, 58 S.Ct. 646, 82 L.Ed. 1108, the Court stated the purpose of the refiling statute in the language of Porter v. Parmley, 1873, 52 N.Y. 185, 188, as follows:

" * * * The mortgagor is, to the public, the apparent owner. The statute requires a statement to be filed, to show the true interest of the parties, for the protection of the public. Whatever its purpose, it is enough that the statute so declares."

■ The statute is strictly construed. McCrea v. Hopper, 1898, 1st Dep't, 35 App.Div. 572, 55 N.Y.S. 136, aff'd mem., 1901, 165 N.Y. 633, 59 N.E. 1125; Schilling v. Rockmore, 1944, 2d Cir., 141 F.2d 643, 152 A.L.R. 1094. A failure to state "the time when and place where the [original] mortgage was filed," constituted noncompliance with § 235. David Stevenson Brewing Co. v. Eastern Brewing Co., 1897, 2d Dep't, 22 App.Div. 523, 48 N.Y.S. 89, aff'd mem., 1901, 165 N.Y. 634, 59 N.E. 1121;

In re Parkway Knitting Mills, Inc., 1941, 2d Cir., 119 F.2d 605, cert. denied, Elstelnat Holding Corp. v. Palmer, 314 U.S. 646, 62 S.Ct. 89, 86 L.Ed. 519. When the refiling statement erroneously understates the balance due, the mortgagee is bound by such statement as against creditors of the mortgagor. Senft v. Lewis, 1917, 2d Cir., 239 F. 116; In re Packard Press, Inc., supra.

"[T]here can be no doubt of the right of the trustee in bankruptcy to take advantage of the failure to refile properly." In re Parkway Knitting Mills, Inc., supra, 119 F.2d at 607.

■ The filing of the mortgage on January 17, 1963, cannot be construed as a refiling statement under § 235. Further, it is observed that the mortgage filed January 17, 1963 failed to show the true interest of the mortgagee in that it did not disclose the prior mortgage on the Crabtree Press.

■ The right to the monies secured by the chattel mortgage dated January 17, 1963 in the sum of $8,693.59 and the right of the Trustee to set off payments made in the sum of $2,800.00 was raised for the first time on the argument of this petition. This proceeding is remanded for hearings on the issues thus presented.

To the extent that the order of November 24, 1965 denies payment to the petitioner of the sum of $14,000.11 under the mortgage filed February 16, 1962, said order is affirmed.

---

1. The pertinent part of § 235 provides:
"A chattel mortgage * * * shall be invalid as against creditors of the mortgagor * * * after the expiration of three years * * * unless,
1. Within thirty days next preceding the expiration of * * * such term, a statement containing a description of such mortgage, the names of the parties, the date when and place where filed and the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue thereof, or
2. A copy of such mortgage and its indorsements, together with a statement attached thereto or endorsed thereon, showing the interest of the mortgagee * * *."