A. Franklin Mahoney, J.
The petitioner by order to show cause seeks an order prohibiting the defendants from removing him from the position of patrolman in the City of Rensselaer, New York.
A hearing was held in this matter at Chambers and the following chronological data was established: (a) petitioner was born October 3, 1938; (b) a civil service examination for patrolman was given by Rensselaer on November 18, 1967 resulting in petitioner being placed on an eligibility list; (e) he was appointed to the position of patrolman with permanent status on May 27, 1969; (d) at the time the examination was held petitioner was 29 years and one month old; (e) at time of appointment he was 30 years and 7 months of age; (f) he does not possess a New York State high school equivalency diploma but does hold a report from the United States armed forces certifying his successful completion of the tests of general educational development, high school level.
Chapter 226 of the Laws of 1966, effective April 25, 1966 amended subdivision 1 of section 58 of the Civil Service Law (as added by L. 1965, ch. 326) so as to require that an applicant for provisional or permanent appointment in the competitive class as a police officer should not be less than 21 nor more than 29 years of age provided, however, that the time spent in military duty shall be subtracted from the age of the applicant who has passed his 29th birthday and, further, that such applicant be a high school graduate or a holder of a New York State high school equivalency diploma. Clearly, the petitioner, who received credit for seven months’ military service, was, on the date he took the civil service examination, 28 years and 4 months old. He was not, however, a high school graduate, nor did he possess an equivalency diploma. On May 27, 1969, when he was appointed, he was beyond 29 years of age after military credit and, as noted above, without a high school diploma or its equivalent. He was, therefore, lacking in eligibility on both the date of examination and the date of appointment.
*506 Section 58 of the Civil Service Law was amended again by chapter 527 of the Laws of 1970 and the following new language was added to paragraph (a) of subdivision 1: “ and provided further, however, that prior to June thirtieth nineteen hundred seventy-two, the maximum qualifying age provided hereunder shall be determined as of the date when the applicant takes the written examination This amendment to section 58 of the Civil Service Law, petitioner argues, is retrospective in thrust and clearly qualifies him in age as of the date of his appointment on May 27, 1969. I cannot agree.
As a general rule of construction, statutory amendments are to be construed as prospective only, unless a clear expression of intent to the contrary is found therein. (56 N. Y. Jur., Statutes, § 89, p. 569; Kelly v. Yannotti, 4 N Y 2d 603.) Those portions of the amended statute remaining unchanged are deemed to be continued and the provisions added take effect from the time of their adoption and operate upon subsequent or new transactions and requirements (Stevenson Brewing Co. v. Eastern Brewing Co., 22 App. Div. 523, affd. 165 N. Y. 634). The amendment of 1970 is not remedial in nature and can be given only prospective effect. Therefore, petitioner was not eligible for appointment and may be removed without charges being brought against him pursuant to subdivision 4 of section 75 of the Civil Service Law.
Petitioner’s application for an order of prohibition is denied.