### Dows *v.* Morrison *et al.*

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

PLEADING—AMENDMENT—NEW AND INCONSISTENT CAUSES.

Even assuming Code Civil Proc. § 2944, which allows the amendment of pleadings before or during trial or an appeal, when substantial justice will be promoted, to apply as well to actions in the district courts as in justices' courts, it is not proper for such a court, in an action brought to recover salary due a discharged employe, to allow an amendment, during trial, of the complaint so as to include a new and inconsistent cause of action,—such, for instance, as damages for the breach of the contract of employment.

Appeal from ninth district court.

Action by Joseph H. Dows against Edward A. Morrison and others to recover salary. Judgment for plaintiff. Defendants appeal. Reversed, unless plaintiff remit damages.

Argued before BISCHOFF and PRYOR, JJ.

*Jacob F. Miller,* for appellants. *Charles H. Preyer,* for respondent.

BISCHOFF, J. On the argument of this appeal we intimated our opinion that plaintiff's employment by defendants' cashier, Osborn, at the salary of $90 per month, was within the latter's apparent authority, and to this, upon attentive examination of the evidence, we adhere. We also at the time expressed our view that it was error for the trial justice at the trial, and in fact after the trial was begun, to allow an amendment of the complaint by adding thereto a new and inconsistent cause of action, to wit, damages for breach of the contract of employment, and that defendants' exception to the allowance was well taken, but at the solicitation of respondent's counsel the question was reserved for further consideration. Section 2944 of the Code of Civil Procedure, which is the only alleged authority for the amendment to which we have been referred by counsel, proves to be exclusively applicable to justices' courts.[1] But, assuming it to apply as well to the district courts in the city of New York, neither of the cases to which our attention has been directed sanctions the construction requisite to support the amendment. Nor have we been able to ascertain as the result of our own researches that the section, which is but a re-enactment of former provisions affecting justices' courts, has ever received that construction. Laws 1857, c. 344. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants, unl ss respondent within five days consents in writing that the judgment be reduced to $60,—the amount of salary due at the tim of his discharge,—with interest, and the costs of the court below; and upon such consent the judgment so reduced is affirmed, without costs.

[1] This section, found in chapter 19, tit. 3, relating to justices' courts, provides that the court must upon application allow a pleading to be amended at any time before or during trial or on appeal if substantial justice will thereby be promoted.