(9 Misc. Rep. 74.)

### BALCH v. WURZBURNER et al.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

1. PLEADING—AMENDMENT—INCREASING AMOUNT SUED FOR.
   An amendment on the trial in a district court of New York City by including the amount claimed in another action in the same court, though it increased the amount to a sum which entitled defendant to a removal to the court of common pleas, deprived him of his opportunity to claim such a right, and was therefore improperly granted.

2. SAME—CHANGING CAUSE OF ACTION.
   An amendment which changes the cause of action from a demand for wages to one for breach of contract states a new cause of action.

Appeal from first district court.

Action by Charles T. Balch against Bernard Wurzburner and others. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Samson Lachman and Theodore Baumeister, for appellants.
Dennis A. Spellissy, for respondent.

BOOKSTAVER, J.   The record of the proceedings upon the trial begins as follows:

"The court, on motion of the plaintiff's attorney, allowed the amendment of the summons in the present suit by adding to the amount claimed the amount named in the summons in the other suit between the same parties, and grants an amendment to the complaint by making the cause of action a breach of contract instead of for salary."

By this amendment, two actions—one begun December 19, 1893, for $30, and one commenced January 24, 1894, for $90—were in

effect consolidated, and the defendants in the second action were deprived of the defense which they had set up in that case, of a former action pending. The amount claimed in each action separately was not sufficient to permit the defendant to remove it to this court; but, after the amendment, the amount was increased to a sum which did entitle defendant to do so. But he was by the amendment deprived of any opportunity to claim that right. This, of itself, deprived them of a substantial right, and ought not to have been granted for that reason. Besides, the complaint in each of the two actions was for wages, while the amendment changed the cause of action to one for a breach of contract. In Dows v. Morrison, 2 Misc. Rep. 54, 20 N. Y. Supp. 860, we held that it was error for a justice of a district court to add, by amendment, at the trial, a cause of action for breach of contract to a cause of action for salary due. Here two causes of action for wages or salary were practically consolidated, and changed to a cause of action for breach of contract, which makes the error greater rather than less. No court has power to amend pleadings at the trial so as to introduce a new and entirely different cause of action. In Dexter v. Ivins, 133 N. Y. 551, 30 N. E. 594, referring to an alleged change from an action for salary to an action for damages for wrongful discharge, the court refused to reverse the judgment, on the ground that no such change as was charged and relied upon by the appellants had in fact been made, but distinctly intimated that, if such had been the case, it would have been error. See, also, Cumber v. Schoenfeld (Com. Pl. N. Y.) 12 N. Y. Supp. 282. The judgment should therefore be reversed, with costs to the appellants. We cannot order a new trial of this case, as none could be had upon the pleadings as they stand.