(34 Misc. Rep. 189.)

HAWKES v. BURKE.

(Supreme Court, Appellate Term. February 25, 1901.)

PLEADING—AMENDMENT ON TRIAL—AUTHORITY OF MUNICIPAL COURT.

> Under Code Civ. Proc. § 2944, requiring the court to allow an amendment to a pleading at any time before or during the trial, if substantial justice will be promoted thereby, and Consol. Act, § 1347, making such provision applicable to the municipal court, it was error for the municipal court, on the ground of lack of power, to refuse to allow the plaintiff to amend his pleading changing cause of action from that on an account stated to one for services rendered at the defendant's request.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Ada C. Hawkes against Stephen G. Burke. From a judgment in favor of the defendant, plaintiff appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Nestor A. Alexander, for appellant.
Cornelius J. Early, for respondent.

O'GORMAN, J. This action was brought to recover on an account stated, and upon the trial the plaintiff moved to amend by alleging a cause of action for services rendered at the request of the defendant. The motion was denied, the learned justice basing his decision upon want of power. In this ruling we think error was committed. While the rule is well settled in the courts of record that the power of amendment on the trial does not extend to a new cause of action or a new defense, yet this limitation has no application to actions in the municipal court. In a court of record, where a party seeks by amendment to set up a new cause of action or a new defense, the justice may permit the withdrawal of a juror upon

proper terms, and remit the party to the special term. In the municipal court no distinction exists between the trial and special terms, and, if the rule observed in the courts of record with respect to amendments is to be followed, a plaintiff, finding a radical amendment of his complaint necessary, must submit to a nonsuit, and begin his action de novo, while a defendant desiring such an amendment, no matter how meritorious his defense, is absolutely without redress, if he defers his application for amendment until the trial. We think that, under section 2944 of the Code of Civil Procedure, which was made applicable to the municipal court by section 1347, Consol. Act, a justice of the municipal court has the power, and, if substantial justice will be promoted thereby, it is his duty, to allow an amendment of the pleadings, even though it may involve a new cause of action or a new defense. On allowing such an amendment, the justice should grant a reasonable adjournment if required, and impose such costs as may be proper. Thedford v. Reade, 28 Misc. Rep. 563, 59 N. Y. Supp. 537; Milch v. Insurance Co., 13 Misc. Rep. 231, 34 N. Y. Supp. 15. In Dows v. Morrison, 2 Misc. Rep. 54, 20 N. Y. Supp. 860, which held to the contrary, it was erroneously assumed that section 2944 of the Code was exclusively applicable to justice's courts. For the error assigned, judgment is reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.