MORTON v. LEDERER et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. MUNICIPAL COURTS—PLEADING—AMENDMENT.

In the Municipal Court, under Laws 1882, p. 348, c. 410, § 1347, making Code, § 2944, relating to amendments, applicable to the Municipal Court, before or during trial, an amendment to the pleadings by which substantial justice will be promoted, even though it involve a new cause of action or a new defense, is a legal right, denial of which is reversible error.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Henry B. Morton against Adele R. Lederer and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

H. A. & C. E. Heydt, for appellant Lederer.

George Wilson Morgan (Herman A. Heydt, of counsel), for appellant Morgan.

Franklin Bien, for respondent.

GILDERSLEEVE, J. The plaintiff sues, on an assigned claim, for services alleged to have been rendered by his assignor as a detective. The justice gave judgment for plaintiff. The defendants offered no evidence. They, however, made a motion to amend the answer by setting up, as an additional defense, an allegation that at the times mentioned in the complaint the plaintiff's assignor was not licensed, under the laws of the state of New York, to perform the work specified in the complaint, and was prohibited by the statutes of the state of New York from performing any such work as investigator or detective, and that the services alleged to have been rendered by plaintiff's assignor were illegal, under chapter 422 of the Laws of 1898, as amended by chapter 362, p. 1002, of the Laws of 1901.

In the Municipal Courts, before or during the trial, an amendment to the pleadings by which substantial justice will be promoted, even though involving a new cause of action or new defense, is a legal right, and it is error to deny such a motion under such circumstances. In Shirtcliffe v. Wall, 68 App. Div. 376, 74 N. Y. Supp. 189, the court says:

"Where substantial justice requires, even an amendment changing the form of the defense interposed will be allowed, and it is error to refuse a motion to amend, though it involve a new cause of action or defense."

This court held in Hawkes v. Burke, 34 Misc. Rep. 190, 68 N. Y. Supp. 798, as follows:

"In the Municipal Court, no distinction exists between the Trial and Special Terms, and, if the rule observed in the courts of record with respect to amendments is to be followed, a plaintiff, finding a radical amendment of his complaint necessary, must submit to a nonsuit, and begin his action de novo, while a defendant desiring such an amendment, no matter how meritorious his defense, is absolutely without redress if he defers his application for amendment until the trial. We think that under section 2944 of the Code, which was made applicable to the Municipal Court by section 1347, Consolidation Act (Laws 1882, p. 348, c. 410), a justice of the Municipal Court has the power, and, if substantial justice will be promoted thereby, it is his duty, to allow an amendment of the pleadings, even though it may involve a new cause of action or a new defense. On allowing such an amendment, the justice should grant a reasonable adjournment, if required, and impose such costs as may be proper."

See, also, Walsh v. Comett, 17 Hun, 27.

The refusal to allow an amendment of the pleadings setting up the statute as a defense was reversible error.

The judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.