SCOTT v. 1,000 ISLAND BOAT & ENGINE CO.

(Supreme Court, Trial Term, Jefferson County. June, 1911.)

1. CHATTEL MORTGAGES (§ 98*)—RENEWAL—SUFFICIENCY.

Lien Law (Consol. Laws 1909, c. 33) § 235, makes chattel mortgages invalid as against subsequent creditors and purchasers, unless the mortgagee, within 30 days before the expiration of each year, files statement containing, among other facts, the interest of the mortgagee, or any person who has succeeded to his interest. A mortgagee wrote to the town clerk, in whose office a chattel mortgage was originally recorded, stating that on a certain date he filed in such office a mortgage for a certain sum, given by the mortgagor, naming him, and stating that it had not yet been satisfied, and requesting that it again be recorded. *Held*, that the statute must be strictly followed, and that the letter was not a sufficient renewal of the mortgage, not stating the mortgagee's interest in the property.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 182; Dec. Dig. § 98.*]

2. BANKRUPTCY (§ 279*)—ACTION BY TRUSTEE.

A trustee in bankruptcy represents the bankrupt's creditors, and may maintain an action to recover property claimed under a chattel mortgage

executed by the bankrupt, on the ground that the renewal of the mortgage was invalid as to creditors of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419–424; Dec. Dig. § 279.*]

Action by F. Howard Scott, as trustee in bankruptcy of the estate of Ernest H. Hartmann, against the 1,000 Island Boat & Engine Company. Judgment for plaintiff.

A. R. Cornwall, for plaintiff.
Frank L. Scott, for defendant.

MERRELL, J. This case involves the renewal of a certain chattel mortgage given by Ernest H. Hartmann to the 1,000 Island Boat & Engine Company. The facts, briefly, according to a stipulation entered into between the parties submitting the matter for determination, are as follows:

On or about September 11, 1908, the said Ernest H. Hartmann executed and delivered a chattel mortgage to the defendant upon a certain boat known as the "Blue Streak." This mortgage was duly and regularly recorded in the office of the town clerk of the town of Alexandria, where the mortgagor then resided, on September 12, 1908, at 2 o'clock in the afternoon. The mortgage was for $253.28, and was given as an additional security for the purchase price of a Lloyd three-cylinder engine and supplies. On or about September 1, 1909, the defendant, through M. M. Donald, its secretary, addressed a letter to the town clerk of the town of Alexandria, aforesaid, as follows:

"Morristown, N. Y., Sept. 1, 1909.

"Town Clerk, Redwood, N. Y.—Dear Sir: About Sept. 12th, 1908, we filed with you a mortgage for $253.28, given to us by Ernest Hartmann of Alexandria Bay. As this has not as yet been satisfied, we would ask that you again record the same, and enclose herewith 12¢ as fees.

"Very truly yours,                    1,000 Island Boat and Engine Co.,
                                              "M. M. Donald, Sec."

This letter was intended by the defendant to be a renewal of said chattel mortgage, and was filed by the town clerk of the town of Alexandria on September 1, 1909, at 7 o'clock p. m.; the town clerk, at the same time, making an entry in his records, opposite the original entry, reading "Renewed." Thereafter, and on November 22, 1909, the said Ernest H. Hartmann was duly adjudicated a bankrupt, and the plaintiff, F. Howard Scott, is the duly elected, qualified, and acting trustee of his estate in bankruptcy. Among other property, the said trustee found the boat Blue Streak in the bankrupt's possession, and took possession of it as one of the assets of the estate, and held it until on or about June 1, 1910, when the defendant took possession of it under its chattel mortgage.

[1] The controversy arises over the validity of the letter to the town clerk written by the defendant on September 1, 1909, as a renewal of the original chattel mortgage. The statute relating to chattel mortgages and their renewal is explicit, and must be strictly followed. Section 235 of the Lien Law provides as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless,

"1. Within thirty days next preceding the expiration of each such term, a statement containing a description of such mortgage, the names of the parties, the time when and place where filed, *the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue thereof*, or,

"2. A copy of such mortgage and its endorsements, together with a statement attached thereto or endorsed thereon, showing the interest of the mortgagee or of any person who has succeeded to his interest in the mortgage, is filed in the proper office," etc.

It is claimed that the letter hereinbefore quoted was a substantial compliance with provision 1 of the statute above quoted. With this I am unable to agree. It seems to me that it may be said that the letter, while not intended as a renewal statement, possibly, was so considered by the town clerk, and filed, and that it fairly contained a description of the mortgage, the names of the parties, the time and the place where filed, but that, as to the important provision, a statement of the interest of the mortgagee or the person who has succeeded to his interest in the property, the statement is fatally defective.

The object of the Legislature in providing for the filing of a statement of this kind was clearly to apprise subsequent purchasers in good faith and creditors, from year to year, of the real interest of the mortgagee in the mortgaged property; and the statute provides that an annual statement must be filed, which will effectually apprise all men of just the extent to which the property is incumbered. The exact amount unpaid upon the mortgage, which is the interest of the mortgagee in the property, must be stated. The statement contained in this letter, "as this has not yet been satisfied," falls far short of apprising creditors and subsequent purchasers of the amount of the defendant's claim; nor does its statement of the amount for which the mortgage was originally given cure this defect. Had the letter stated that there was still unpaid $253.28 upon the mortgage, there would have been some force in this contention. The mere statement that the mortgage was not satisfied, without stating the precise amount which would be required to satisfy it, utterly fails in apprising the public of the defendant's "interest in the property claimed by virtue thereof." Ely v. Carnley, 19 N. Y. 496; Smith v. Cooper, 22 Hun, 11.

The statute must be rigidly observed, and there must be a strict compliance in the matter of renewing chattel mortgages as against creditors and subsequent mortgagees in good faith. Stevenson Brewing Company v. Eastern Company, 22 App. Div. 523, 48 N. Y. Supp. 89; Hawkes v. Burke, 34 Misc. Rep. 189, 68 N. Y. Supp. 798.

[2] The trustee in bankruptcy represents the creditors of the bankrupt, and is entitled to maintain this action.

The value of the boat, under the stipulation of the parties, is $85, and for this amount the plaintiff should have judgment, with costs.