WILLIAM E. BISHOP, as Trustee in Bankruptcy of JOHN P. ABELL, Plaintiff, *v.* SOLOMON SPECTOR, Defendant.

Supreme Court, Onondaga County, December 2, 1932.

*Brown, Fraser & Black* [*Henry S. Fraser* of counsel], for the plaintiff.

*Levy, Shulman & Murray* [*Ralph Shulman* of counsel], for the defendant.

DOWLING, J.   On February 6, 1930, defendant sold and delivered to John P. Abell, of Syracuse, N. Y., a LaSalle coupe, motor No. 408772, serial No. 308722, and on that date, in part payment thereof, received from said Abell a chattel mortgage upon said car, in amount $1,100, payable $100 per month and interest.   This mortgage was filed in Onondaga county clerk's office February 7, 1930.

On the 9th day of February, 1931, defendant filed in said clerk's office a statement of renewal of said chattel mortgage, signed by him as mortgagee, showing a balance unpaid thereon of $600, with interest thereon from December 22, 1930.

October 26, 1931, Goodrich-Silvertown, Inc., recovered a judgment against Abell in the Municipal Court of Syracuse for $1,296.29. A transcript thereof was docketed in Onondaga county clerk's office October 26, 1931.   On that date an execution under said judgment was issued to the sheriff of Onondaga county and remained outstanding until February 13, 1932, when it was returned wholly unsatisfied except for the sum of $67.75.

Between May 21 and November 11, 1931, E. B. Salmon, Jr., Inc., sold and delivered to said Abell auto tires and accessories at the agreed price of $1,467.13, on which account Abell paid $606.09, leaving a balance of $861.04 due and unpaid.   On January 21,

1932, E. B. Salmon, Jr., Inc., instituted an action and sued out an attachment against the property of said Abell, and on said date, pursuant to said attachment, the sheriff of Onondaga county seized certain auto trucks, the property of said Abell. The trustee in bankruptcy sold said property for $265.

February 2, 1932, Daniel Heil recovered a judgment against said Abell in Municipal Court, Syracuse, for $123.61. Transcript thereof was filed in Onondaga county clerk's office February 3, 1932, and on that date execution was issued to the sheriff of Onondaga county and by him returned, wholly unsatisfied, February 4, 1932.

On the 11th day of February, 1932, John P. Abell filed a voluntary petition in bankruptcy. He was thereafter duly adjudicated a bankrupt, and on March 14, 1932, plaintiff was duly appointed trustee of the estate of said Abell, and on March 15, 1932, duly qualified as such trustee.

On January 12, 1932, Abell was in default on his payments under said chattel mortgage in the amount of $200, and interest from September 9, 1931, according to the statement of renewal of chattel mortgage filed on January 15, 1932, or in the amount of $274, and interest, according to affidavit of the defendant verified October 3, 1932.

On January 12, 1932 (according to the affidavit of Louis Spector, verified October 4, 1932), Louis Spector, acting for the defendant, visited the garage of John P. Abell at Syracuse and obtained possession of said automobile and placed the same in the garage belonging to the defendant. The car was then in need of repairs. Defendant claims that, at the request of Abell, he repaired said car at a cost of $131, and at Abell's request, he accepted it for storage, for which he is entitled to receive twenty dollars.

On March 29, 1932, the plaintiff caused to be served upon the defendant personally, the following notice:

" UNITED STATES DISTRICT COURT
" NORTHERN DISTRICT OF NEW YORK

| In the Matter of John P. Abell, Bankrupt. | In Bankruptcy No. 18,259. |
| --- | --- |

" To:
    " SOLOMON SPECTOR
        " 717 W. Genesee Street
            " Syracuse, New York
    " SIR: The undersigned, as trustee of the above mentioned bankrupt, hereby demands that you turn over to him as said trustee

not later than April 1, 1932, the following described property belonging to the estate of the said bankrupt:

" 1 LaSalle Coupe, Motor #408772, Serial #308722, together with such sum as will cover all depreciation of and damage to said property, on the ground that said property was seized by you without legal justification as against creditors of said bankrupt. In the event you are unable to turn over said property and sum as aforesaid, it is hereby demanded that you pay to the undersigned as such trustee the sum of $1000.00, being the value of said property at the date of seizure, together with legal interest from said date.

" Dated, *March* 28, 1932.

" Yours, etc.,
" WILLIAM E. BISHOP,
" *Trustee of the estate of John P. Abell, bankrupt.*"

Defendant refused to honor said notice and thereupon, and about April 5, 1932, plaintiff instituted the above action against the defendant to recover the sum of $1,000, with interest thereon from February 4, 1932.

Defendant interposed an answer denying liability to the plaintiff and setting up a separate defense wherein he alleged the sale of said auto to Abell, the taking back of said chattel mortgage, the default of Abell, prior to February 11, 1932, in payment of the amount secured by said mortgage, to the extent of $350 and interest; that the automobile had been damaged, thereby greatly depreciating its value; that the defendant, at all times mentioned in the complaint, conducted " a garage, or place for the storage, maintenance, keeping or repair of motor vehicles, as designed by Article 11 of the Highway Law and, at the request and with the consent of the said John P. Abell, stored, maintained, kept and repaired the said motor vehicle and furnished supplies therefor and had, and has, in any event a lien upon the said automobile for the labor and materials furnished in repairing and for the storage of said automobile. That said labor performed, materials furnished and storage were of the fair and reasonable value of One Hundred and Fifty-One Dollars ($151.00); that prior to the 11th day of February, 1932, for a valuable consideration, the said John P. Abell duly transferred and delivered to this defendant, the said automobile and all of his right, title and interest therein."

Plaintiff moves " for judgment as demanded in the complaint, pursuant to Rule of Civil Practice No. 113, or for such other, further or different relief as to the Court may seem proper." Defendant opposes plaintiff's motion upon the following grounds:

(a) The action is in conversion; therefore, plaintiff is not entitled to summary judgment.

(b) Defendant has a lien for repairs made to said car, at the request of Abell, in the amount of one hundred and thirty-one dollars, and a storage charge incurred, at the request of Abell, in the amount of twenty dollars, and is entitled to retain possession of said automobile until said lien is paid.

(c) That subsequent to January 12, 1932, and prior to the bankruptcy of Abell, Abell sold to the defendant all of his right, title and interest in said car, in consideration of defendant satisfying said repair and storage bill, the amount unpaid under said chattel mortgage and twenty-five dollars, in cash, paid by the defendant to said Abell.

(d) That defendant is the sole owner of said automobile.

Plaintiff maintains:

(a) That this action is not in conversion, but is to recover judgment for the value of said car, with interest arising from an implied contract.

(b) Defendant failed to renew said chattel mortgage, as required by section 235 of the Lien Law; hence the same is invalid as against the creditors of Abell.

(c) At the times when said renewals of said chattel mortgage should have been filed, Abell was indebted to divers persons for goods sold and delivered to him, in his business at Syracuse, N. Y., which persons, thereupon, acquired a lien upon said automobile superior to that of the defendant.

(d) If defendant made repairs to said car and stored the same in his garage, he delivered back said car to Abell and thereby lost his lien for such repairs and storage; that defendant repossessed said car in the latter part of February, 1932.

(e) Plaintiff, as trustee in bankruptcy of Abell, is entitled to judgment for the value of said car.

Section 235 of the Lien Law provides:

" Mortgage, invalid after one year, unless statement is filed. A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless,

" 1. Within thirty days next preceding the expiration of each such term, a statement containing a description of such mortgage, the names of the parties, the time when and place where filed, the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue thereof, or

" 2. A copy of such mortgage and its indorsements, together with a statement attached thereto or indorsed thereon, showing the

interest of the mortgagee or of any person who has succeeded to his interest in the mortgage, is filed in the proper office in the city or town where the mortgagor then resided, if he is then a resident of the town or city where a mortgage or a copy thereof or such statement was last filed."

The first statement of renewal of chattel mortgage was not filed, as required by section 235 of the Lien Law, but the second one was. In form it sufficiently complied with the statute.

The complaint herein proceeds on implied contract, not trover, as claimed by the defendant. Plaintiff may waive the tort and has waived it. The waiving of the tort vests defendant with title to the automobile. (*Terry* v. *Munger,* 121 N. Y. 161, 165, 166.) Rule 113 applies to this form of action.

Upon the affidavits submitted on this motion a dispute arises as to whether defendant forcibly repossessed said automobile under his chattel mortgage in the latter part of February, 1932, or whether Abell voluntarily delivered it to defendant on January 12, 1932, for repairs and storage. If defendant repossessed said chattel, due to Abell's default, under his mortgage, he could have no lien for either storage or repairs for upon default he became the absolute owner, Abell possessing only the equity of redemption. Hence, he could not acquire a lien against his own property. Defendant asserts, however, in his answering affidavits, that he made the repairs and stored the car at Abell's request and that he did not lose possession of it after the repairs were made. If his contention is sound, and he was the keeper of a garage for the repair and storage of cars, he acquired a lien superior to that of plaintiff's, if any plaintiff has, for the value of the repairs and storage. (Lien Law, § 184; *Barrett Mfg. Co.* v. *Van Ronk,* 212 N. Y. 90, 95.) If defendant can establish such lien, plaintiff had no right to the possession of said car when he served his demand for the return thereof on defendant. But defendant goes a step farther and swears that after he had acquired his lien for repairs and storage and while the automobile was still in his possession he purchased Abell's equity of redemption therein for which he paid Abell twenty-five dollars in cash, and satisfied said lien and this he did in good faith and without any knowledge that Abell had any unpaid creditors, judgment or otherwise, or that any executions were outstanding. Plaintiff denies this claim and asserts that Abell's creditors have superior rights in said car acquired by reason of defendant's failure to properly renew his chattel mortgage and that his seizure of said car was and is illegal.

By failure to renew the chattel mortgage, as provided in section 235 of the Lien Law, within thirty days next preceding the expira-

tion of one year from the first filing of said chattel mortgage, defendant lost the protection of his lien as against creditors of the mortgagor. (*Marsden* v. *Cornell*, 62 N. Y. 215, 218; *Matter of Schmidt*, 181 Fed. 73, 76; *Matter of Steffens*, 31 F. [2d] 660, 661; Lien Law, § 235; *Baker* v. *Hull*, 250 N. Y. 484, 489.) That there were creditors of the mortgagor at all times between May 21, 1931, and the date of the bankruptcy is not disputed. As against those creditors, defendant's lien, under his chattel mortgage, during said period, was invalid.

If the defendant purchased the mortgagor's equity of redemption in said automobile, he purchased it subject to the rights of creditors therein, as their rights had already vested when he claims to have purchased such equity. Defendant knew that Abell was financially involved at the time he claims to have purchased such equity of redemption. At that very moment Abell was in default under the chattel mortgage and was unable to pay the repair and storage bill which defendant was asserting against him. Under this situation, defendant cannot, under the guise of an innocent purchaser, acquire the lien which he had lost by failure to properly renew his chattel mortgage and this is so whether or not he paid Abell, in addition to discharging his claim for storage and repairs, the sum of twenty-five dollars in cash, for Abell's equity of redemption.

So the matter comes to this, a question of fact is presented for trial by jury as to whether or not the defendant had a lien upon the automobile in question for storage and repairs. If he succeeds in such defense, he will be entitled to foreclose such lien against said automobile. Plaintiff has the right to discharge said lien and to take possession of said car, or plaintiff may await a foreclosure of defendant's lien and receive any surplus arising on a sale of said car in such proceedings. If defendant fails to establish his lien, plaintiff will be entitled to recover the value of said automobile at the date defendant refused to deliver same to the plaintiff.

Plaintiff objects to an affidavit of the defendant's, verified October 12, 1932, claiming that permission was not given the defendant to present such an affidavit. I am unable to recall whether such permission was or was not given. The defendant should be permitted to present such affidavit so that all claimed facts may be before the court on this motion. Such affidavit in no way prejudices plaintiff's position.

Under the circumstances, motion for summary judgment is denied, with ten dollars costs.

Ordered accordingly.