## Third Department, November, 1938.
### (November 2, 1938.)

Marilyn Heller Farfel, Respondent, *v.* John J. McNulty, as Sheriff of the County of Albany, and Samuel Sidelman, Appellants, and Harry Farfel, Defendant.

Hill, P. J., Rhodes and Bliss, JJ., concur; Crapser, J., dissents, with an opinion, in which McNamee, J., concurs, with a memorandum.

CRAPSER, J. (dissenting). This is an appeal from an order denying defendants' [appellants'] motion for a judgment on the pleadings [to dismiss the complaint] on the ground that the complaint in the replevin action failed to state a cause of action.

On January 7, 1937, Harry Farfel, of the county of Albany, gave to Marilyn Heller a mortgage on an International automobile truck for the sum of $2,000, and on January 8, 1937, the mortgage was filed in the office of the clerk of the county of Albany, that being the county in which Farfel then resided.

The defendant Samuel Sidelman obtained a judgment against the defendant Harry Farfel and his son, Samuel Farfel, on the 4th day of January, 1938, an execution was executed upon said judgment and the mortgaged truck in question, belonging to Harry Farfel, was seized by the sheriff of the county of Albany on the 19th day of March, 1938. On the 8th day of December, 1937, a statement of the renewal of the chattel mortgage was duly filed in the office of the clerk of said county. On the 21st day of March, 1938, the plaintiff herein, as chattel mortgagee, brought an action in replevin and took the said truck from the sheriff. The summons and complaint in the replevin action were duly served upon the defendants on March 25, 1938.

The complaint sets up the chattel mortgage and annexes a copy of it by which it shows that it was given for $2,000, being for money loaned.

The renewal statement, renewing said mortgage, which was filed in Albany on the 8th of December, 1937, refers to the mortgage as securing $2,000 upon the property situated in the city of Albany and stated that there remains due on said mortgage the sum of $2,000 and interest thereon from the 7th day of January, 1937.

The complaint in the replevin action alleges the recovery of the judgment by Sidelman and the levying under said judgment by the sheriff and alleges that the plaintiff in this action was entitled to the possession of said automobile. It alleges that the value of the automobile was $1,500, and the complaint further alleges that the defendant Farfel has failed and neglected to pay the sum of $1,300, the amount actually advanced by the plaintiff at the time of the giving of said chattel mortgage, and the judgment asked for is that the defendants be barred and foreclosed of all right and interest upon said property, which is the automobile truck in question.

Section 230 of the Lien Law provides for the filing of true copies of chattel mortgages.

Section 235 of the Lien Law provides:

" A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless,

" 1. Within thirty days next preceding the expiration of each such term, a statement containing a description of such mortgage, the names of the parties, the time when and place where filed, the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue thereof."

The complaint alleges that $1,300 was the amount actually advanced at the time of the giving of the said chattel mortgage. The certificate of renewal attached to the complaint alleges that there was $2,000 due when the renewal certificate

was filed with interest from the inception of the mortgage. The certificate of renewal incorrectly stated the amount due.

The motion for a judgment on the pleadings on the ground that the plaintiff failed to state a cause of action was not addressed to any proposition of fraud and the element of fraud does not enter into the motion in any way. The motion was addressed to the single proposition that the mortgagee had failed to comply with the statute in incorrectly stating her interest in the property in her certificate of renewal. She is in no better position than if she had not filed any certificate of renewal so far as the defendants-appellants are concerned.

The mortgage became invalid after one year as to creditors because the certificate of renewal incorrectly stated the amount actually due or in other words failed to correctly state the interest of the mortgagee as required by subdivision 1 of section 235 of the Lien Law. (*Ely* v. *Carnley*, 19 N. Y. 496.)

The motion does not attack the mortgage on the grounds of fraud and the case of *Frost* v. *Warren* (42 N. Y. 204) does not apply. In the *Frost* case there was a direct attack upon the mortgage itself for fraud. There was no element of the validity of a certificate of renewal in *Frost* v. *Warren* and that case did not attach to the point that is made in this case. In the *Frost* v. *Warren* case the court says: "In regard to the amount stated in the mortgage, the language of it does not come fully up, in stating it as a security for future liabilities, to that in the case of *Miller* v. *Lockwood* (32 N. Y. 293), and yet it referred to the direct and collateral security which the mortgagee had assumed, and comes within the principle of that case, and at most, was a badge of fraud, to be passed upon by the jury."

It is evident from the above quotation that there was a statement in the *Frost* v. *Warren* mortgage that it was not only given for money then advanced but was given as collateral security to the mortgagee for other sums which he had assumed.

The case of *Miller* v. *Lockwood* (32 N. Y. 293) simply holds, " The nominal consideration expressed in a [chattel] mortgage to secure future advances, is immaterial."

A mortgage, when filed the first year, must state correctly the amount for which it is security, the second year it must be accompanied with a statement of just the amount still unpaid, so that it may appear what has been paid if anything or whether the debt is increased by the interest upon it. It is a violation of the statute if it does not state the amount correctly. (*Ely* v. *Carnley*, 19 N. Y. 496; *Marsden* v. *Cornell*, 62 id. 215, 219, 220.)

The statute must be rigidly observed and there must be a strict compliance in the matter of renewing chattel mortgages as against creditors and subsequent mortgagees in good faith. (*Scott* v. *1000 Island Boat & Engine Co.*, 134 N. Y. Supp. 150; *Stevenson Brewing Co.* v. *Eastern Co.*, 22 App. Div. 523; *Hawkes* v. *Burke*, 34 Misc. 189; 68 N. Y. Supp. 798; *Smith* v. *Cooper*, 22 Hun, 11; *Bishop* v. *Spector*, 150 Misc. 360; 269 N. Y. Supp. 76; 51 A. L. R. 599, note.)

The face of the complaint shows all the facts and shows that the mortgage was made for $2,000 when only $1,300 was advanced. The renewal certificate alleges that $2,000 was still due and the interest, whereas only $1,300 was advanced.

In the case of *Ely* v. *Carnley* (*supra*) the mortgage became invalid by reason of the certificate of renewal and the appellants should have succeeded in their motion for a judgment upon the pleadings.

The order made at Special Term should be reversed and the motion of the appellants for a judgment upon the pleadings on the ground that the complaint fails to state a cause of action should be granted and the writ of replevin vacated with costs.

McNamee, J., concurs, with a memorandum.

McNAMEE, J. The Lien Law does not provide for the form or content of a chattel mortgage; but section 235 does specify with particularity for the contents of a "renewal" of such a mortgage when filed to preserve rights under it. Five distinct elements must appear in the renewal; and two of them are absent in this case. It has been held that the time when and the place where filed was "an essential part" of the renewal. (*Stevenson Brewing Co.* v. *Eastern Co.*, 22 App. Div. 523, 524.) No reason occurs to me why "the interest of the mortgagee * * * in the property claimed by virtue thereof" is not at least as important as the time and place of filing. And whether more or less important, the statute requires it. And the failure is a clear violation of the terms, purpose and spirit and goes to the very heart of the statute.

The renewal not only did not state the interest of the mortgagee in fact or substantially, but grossly overstated it, without any allegation in the complaint to justify, explain or excuse the failure or the overstatement of interest. Had the complaint contained a proper allegation to that end, a question of fact might have been presented. An analogous rule is applicable in pleading a cause of action in malicious prosecution where probable cause appears on the face of the complaint. In such cases the plaintiff must plead additional facts that nullify the apparent admission. (*Hodge* v. *Skinner*, 254 App. Div. 42, 43.) In the case before us, in my judgment, the plaintiff pleaded herself out of court.