**In re SCHILLING PRESS, Inc.**

District Court, S. D. New York.

Nov. 22, 1943.

John Preston Phillips, of New York City, for Jacob H. Schilling.

Max Rockmore, of New York City, for trustee.

CONGER, District Judge.

Jacob H. Schilling petitions this court to review an order of the referee invalidating a mortgage given to him as mortgagee, dated March 6, 1939.

A chattel mortgage was given by the bankrupt to the petitioner on March 8, 1938 in the sum of $24,751.78. Some of the chattels covered by the mortgage were sold and released from the mortgage. A purchase-money mortgage, given to the bankrupt by the purchaser, was assigned by the bankrupt to the petitioner.

On March 6, 1939 a new chattel mortgage was given to the petitioner by the bankrupt, in the same amount as the 1938 mortgage, covering the unsold chattels. There is presently due a balance of $18,771.58 on this mortgage. The mortgage was refiled on March 5, 1940, March 5, 1941, March 4, 1942 and March 5, 1943.

On December 17, 1940 the bankrupt delivered to the Wek Sales Company a chattel mortgage for $15,000. On the same day the petitioner delivered to the Wek Sales Company an assignment and subordination of the mortgage that he held. The instrument described that mortgage as being a mortgage made on March 8, 1938 and refiled on March 6, 1939 and on March 5, 1940. This assignment was filed. By another in-

strument of the same date, the petitioner assigned the same mortgage to Wek Sales Company as collateral security for the payment by the bankrupt of the advance and any future advances to the bankrupt. No mention was made in this instrument of any refilings. On August 10, 1942 the bankrupt delivered to Wek Sales Company a chattel mortgage in the sum of $10,245 to secure the payment of prior mortgages given to Wek Sales Company by the bankrupt.

◼ The referee held that by the instruments above mentioned the petitioner intended to, and actually did assign the mortgage of March 6, 1939.

There is ample evidence in the record to support this conclusion. The 1939 mortgage was a new mortgage, and although the petitioner stated that he assigned the 1938 mortgage, he owned only the 1939 mortgage. The so-called refiling of the 1938 mortgage on March 6, 1939 was actually the filing of a new mortgage. This is evidenced by the fact that while the file number of the 1938 mortgage is No. 13328, all the filings in 1940, 1941, 1942 and 1943 refer to mortgage No. 11722, the file number of the 1939 mortgage.

Mr. Weissman, a member of the firm of Wek Sales Company, testified that at the time he loaned the money to the bankrupt he was told by the president of the bankrupt, the son of the petitioner, that outside of the one mortgage held by the petitioner, the plant was free and clear of any liens.

I am satisfied that the referee is clearly correct in his finding that it was the 1939 mortgage which was assigned.

As a matter of fact, Jacob H. Schilling, in his answer in this proceeding, admits that he assigned to Wek Sales Company the 1939 mortgage. In no place in his answer does he refer to the 1938 mortgage. The evidence is overwhelming that the 1938 mortgage was never renewed, but was superseded by the 1939 mortgage.

The real dispute in this controversy is whether or not the 1939 mortgage is valid. The trustee claims that this mortgage lost its validity as a lien after 1940, when it was assigned to Wek Sales Company, by reason of the fact that the provisions of Section 235 of the Lien Law of the State of New York were not complied with in that in the attempted refilings of the said mortgage, the interest of the mortgagee was not fully disclosed.

Schilling contends that, assuming that the assignment to Wek Sales Company covered the 1939 mortgage, nevertheless said assignment was only as collateral and that under such circumstances it was not necessary that the fact of said assignment be mentioned in the refiling statement, or be noted on the copy of the mortgage refiled.

◼ The assignment of property as collateral security implies the transfer to the creditor of an interest in or lien on the property. See 14 C.J.S., Collateral, Collateral Security, page 1318, and cases cited therein.

Sec. 235 of the New York Lien Law provides that a chattel mortgage shall be invalid as against creditors of the mortgagor unless a copy of the mortgage or a statement is filed within thirty days next preceding the expiration of the term of one year from the date of the previous filing. This section has been amended by L.1943, c. 451. The new section does not apply to this case since all the acts occurred before the effective date of the amendment.

Provision is made for two alternative methods of compliance with the statute. The petitioner followed the second method of compliance which requires that, "2. A copy of such mortgage and its indorsements, together with a statement attached thereto or indorsed thereon, *showing the interest of the mortgagee* or of any person who has succeeded to his interest in the mortgage, * * *" be filed. Lien Law, Sec. 235. Emphasis added.

When the mortgage was refiled after the assignment to Weks Sales Company in 1941, 1942, the indorsement on the refiled mortgage stated that Schilling was the mortgagee without disclosing that his interest therein or part of his interest had been assigned.

◼ The construction placed on the statute by the petitioner is clearly unwarranted. The petitioner, in effect, claims that nothing less than a complete change of interest need be stated. I cannot agree with this construction. The obvious intent of the statute was to prevent frauds on creditors, subsequent mortgagees and innocent purchasers.

The statute requires a statement of the interest of the mortgagee. When the petitioner stated that he was the mortgagee, he failed to disclose the interest of the Wek Sales Company. This was not a strict compliance with the statute since the petitioner did not state that his interest in the mortgage was only a partial interest, or that

some other person had an interest in the mortgage.

Strict compliance with this statute is a prerequisite to the continuation of the validity of a lien afforded a mortgagee by a chattel mortgage. See In re Parkway Knitting Mills, Inc., 2 Cir., 119 F.2d 605; Ely v. Carnley, 19 N.Y. 496; Stevenson Brewing Co. v. Eastern Brewing Co., 22 App.Div. 523, 48 N.Y.S. 89, affirmed 165 N.Y. 634, 59 N.E. 1121; McCrea v. Hopper, 35 App. Div. 572, 55 N.Y.S. 136, affirmed 165 N.Y. 633, 59 N.E. 1125. See also Scott v. 1000 Island Boat & Engine Co., Sup., 134 N.Y.S. 150.

Therefore, the referee was correct in holding that the mortgage was invalid since it had not been refiled in compliance with Sec. 235 of the New York Lien Law.

The petition to review is denied and the referee's order is affirmed.

The petitioner also made a motion for a stay enjoining the trustee from paying over any of the proceeds of the sale of the bankrupt's property to the Wek Sales Company in compliance with the referee's order, until his petition to review has been determined. Since a determination has been made, the motion is denied.

The trustee also moved this court for instruction as to the payment of the proceeds. He is instructed to carry out the order of the referee.

Settle orders in accordance with the opinion.