**GORDON, Bankrupt, In Re.**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Decided June 2, 1949

George F. Quinn, Cleveland, for Clay Marsteller, Trustee. Sanborn, Brown & Corlett, Cleveland, for Time Finance Co. Lombardo & Spellacy, Cleveland, for Bankrupt.

## MEMORANDUM

By WOODS, Referee.

Clay Marsteller, Trustee of this bankrupt, filed a Petition to Sell certain personal property, being a 1942 DeSota automobile, reciting it is subject to chattel mortgage of $100. To this the Time Finance Corporation filed its Answer and Cross Petition, stating that it has a mortgage on said automobile for $1000, upon which there is due $803.78 with interest from February 26, 1949. The Cross Petition prays that the Trustee be instructed to deliver said automobile to said Cross Petitioner free and clear of any claims of the bankrupt estate.

The proof shows that bankrupt, Gregory Earl Gordon, borrowed One Thousand ($1000) Dollars from the Time Finance Corporation on his 1942 DeSota automobile, executing a mortgage on June 13, 1948. The mortgage, with the Certificate of Title, was presented to the Clerk of Courts of Cuyahoga County, Ohio, as provided in §6390-9 GC and the Clerk of Courts, on June 19, 1948, erroneously made notation of the lien on the Certificate of Title No. 182,282,096 (Exhibit "B") as being for $100 instead of $1000.

Bankrupt was so adjudicated on March 25, 1949, and on April 14, 1949, at the First Meeting of Creditors, Clay Marsteller became Trustee in Bankruptcy. On April 29, 1949, the Clerk of Courts corrected the notation of lien on the Certificate of Title by issuing a new Certificate of Title No. 182, 640,991 (Exhibit "C"), in which the amount of the first lien is corrected to read $1000. Also on Exhibit "C" appears the word "Correction" in the upper left hand corner.

The question presented is whether Time Finance Corporation has a valid lien on said automobile for the unpaid balance of its mortgage, or is its lien limited to $100 as erroneously noted by the Clerk as being the amount of the lien, the Trustee in Bankruptcy having acquired the title to the automobile by adjudication of bankrupt, which was before the correction entered by the Clerk of Courts on the Certificate of Title.

The pertinent statute is §6290-9 GC, which is long and verbose, providing that §8560-8572 GC, as to filing and recording of a chattel mortgage, or a conditional sales contract, do not apply to any similar instrument covering a motor vehicle. The statute goes on to say that:

"The holder of a chattel mortgage, trust receipt, conditional sales contract or similar instrument, upon presentation of said instrument to the Clerk of Courts of the County where

such certificate of title was issued, together with the certificate of title and the fee prescribed by his (this) chapter, may have a notation of such lien made on the face of such certificate of title. The clerk of courts shall enter said notation and the date thereof over his signature and seal of office, and he shall also note such lien and the date thereof on the duplicate of same in his files and on that day shall notify the registrar who shall do likewise. The clerk of courts shall also indicate by appropriate notation on such instrument itself the fact that such lien has been noted on the certificate of title."

The Trustee in Bankruptcy relies upon Sec. 70c for the nature and basis of his claim to any value of the DeSota motor vehicle in question in excess of $100. Sec. 70 of the Bankruptcy Act is called "Title of Property" and the first part of the second sentence under Sec. 70c reads as follows:

"The Trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists."

This provision confers upon the Trustee "by force of law" the status of the ideal or "perfect" creditor, irreproachable and without notice armed with every right and power which is conferred by the law of the State upon its most favored creditor. Such hypothetical status depends for meaning upon the substantive law which it does not explicitly indicate, but which it incorporates by reference. Hence the Trustee's powers in every case governed by this portion of Sec. 70c, are those which the State Law would allow to a supposed creditor of the Bankrupt, who had at the date of bankruptcy completed the process for the perfection of a lien upon property in the bankrupt's or the Court's possession. Whether a Trustee is entitled to such a status, and the conditions under which he may attain it, are federal questions covered by the Bankruptcy Act, but the extent of the Trustee's rights, remedies and powers as a lien creditor, are measured by the substantive law of the jurisdiction governing the poverty in question—that is, in this case the law of the State of Ohio. The foregoing follows a discussion of this subject in Collier on

Bankruptcy 14 Ed., Vol. 4, pg. 1261 et seq. See also Remington on Bankruptcy Vol 4, Chap. XXX-A, Sec. 1599-1601.

Since the amendment by the Chandler Act of 1938, this section, which was formerly in Sec. 47c (2), is now recast as a part of Sec. 70c of the Bankruptcy Act, and is sometimes called the "strong arm clause in Sec. 70c". This right of the Trustee in the Bankruptcy Act, as so amended, is discussed in Commercial Credit Company, Inc. v. Davidson (C. A. 5-1940) 112 F (2) 54, 42 A. B. R. n. s. 688; Janney v. Bell, (4 C. A. 5, 1940) 111F (2), 103, 42 A. B. R. n. s. 360; Robbins v Bastian (C. A. 8-1943) 135 F (2) 298, 53 A. B. R. n. s. 20.

Sec. 70c specifies that the Trustee's lien is deemed vested as of the date when the Petition in Bankruptcy is filed with respect to all property within the scope of its terms. So, generally speaking, liens properly perfected prior to the date of bankruptcy will be superior to that of the Trustee under Sec. 70c; those not so perfected or perfected subsequently to bankruptcy will be subordinated thereto, and as Collier adds, it must be constantly borne in mind that this is a matter upon which Sec. 70c normally defers to the state law, supra, Pg. 1270.

Improper or defective recordation is just as ineffective as no recordation at all from the standpoint of constructive notice to third persons; so also defective acknowledgement, lack of required affidavit, recordation in the wrong place, and similar errors, will serve to invalidate the lien against a Trustee acting under Sec. 70c. Collier supra, pg. 1292.

There are many cases in the books where the claimed lien is invalid if not recorded in the proper place, or for lack of a required affidavit, and other errors. A case in point, where a chattel mortgage did not bear a date was held invalid against Trustee in Bankruptcy, is In Re: Coast Line Express, Inc. C. C. H. Par. 51660, where the Bankruptcy Court in Massachusetts in 1939 held such mortgage invalid under Sec. 70c of the Bankruptcy Act. Under a Certificate of Title statute in Delaware, where title papers of an automobile sale were delivered to buyer, but the lien not registered and the automobile in possession of bankrupt at adjudication, the District Court approved the Referee's finding for the Trustee. In Re: Soss 52 F Sup. 123 (1943) 54 A. B. R. n. s. 806.

In Ohio where a chattel mortgage failed to recite the residence or place of business of either the mortgagor or the mortgagee, such was held invalid against the Mortgagor's Trustee in Osborn v Wells 69 F (2) 970, when this Referee was affirmed by District Judge West and the Court of Ap-

peals, showing the view the federal courts took of failure to comply with Ohio recording statutes.

Early in Ohio it was held that in order to effect a lien, there must be compliance with the provisions of the Recording acts. Where the statute provided for an affidavit to be written on the mortgage and signed by mortgagee, and the Notary or officer taking the oath failed to sign, it was held that the statute had not been complied with and there was no lien. **Benedict v. Peters 58 Oh St 527.** In that case Judge Minshall said, at Pg. 534:

"Creditors examining the records of such liens are not required to go beyond the record for the purpose of learning whether an instrument on which there is no duly certified sworn statement required by the statute can be shown to have been properly executed in this record."

Since the statutory provisions with reference to execution of a chattel mortgage are intended to protect third persons, including a Trustee in Bankruptcy under Sec. 70c, the chattel mortgage, as against them, must be executed in strict compliance with the statutory requirements. Cash Register Co. v. Friedlander 7 O. N. P. 170—4 O. D. (N. P.) 347; Mecharder Co. v. Kline, 248 Fed. 296.

If a chattel mortgage is executed or filed defectively, the lien of a subsequent execution upon such property is superior to that of such prior mortgage, even though the judgment creditor had notice of such mortgage. **Honk v. Condon 40 Oh St 569.**

Misspelling of the name of the mortgagor so as to mislead subsequent mortgagees and purchasers does not constitute notice. Baker v. Coffman 24 O. N. P. (ns) 259.

Defect in the form of or omission in the content of an instrument justifies the court in concluding that the filing of such an imperfect instrument is the legal effect of non-recordation. Shilling Press 52 F. Supp. 569, 55 A. B. R. (ns) 257; aff. 141 F 2nd 643, 55 A. B. R. (ns) 279; Trimmer, Tr. v. Talbot 36 A. B. R. (ns) 84.

Shortly after the enactment of the Certificate of Title Act as applicable to motor vehicles, the Court of Appeals of this District decided in **Union Commercial Corp. v. R. J. Schmunk Company, 30 Abs 116,** that a third person not a party to the transaction was entitled to rely upon the statements in the Certificate of Title. Judge Morgan discussing

the purpose of the Certificate of Title Law said, at Page 123 of this Opinion, and to same effect is the Syllabus, that:

"The plain purpose of the Certificate of Title Law is to make the Certificate of Title a complete statement of the title of any motor car with a notation of all liens and claims against it. It is clearly intended by the law that any person purchasing a car has the right to rely on the Certificate of Title for these facts."

Counsel for mortgagor here relies on **Vinton v. James 108 Oh St 220,** where a Village Council was permitted to correct the proceedings where there had been an omission of a required entry of the Council proceedings. Such decision is of no help here for the rights of the Trustee in Bankruptcy intervened before the recording was corrected on April 29 by the filing of a new certificate and the rights of the Trustee in Bankruptcy had intervened in the meantime with the adjudication April 14.

The provisions of Sec. 70c of the Bankruptcy Act must control in this proceeding, and any attempted correction of the recording by a nunc pro tunc entry is void and of no effect.